## STEPHEN CONANT *vs.* THOMAS RAYMOND.

If a master, whose apprentice has wrongfully left his service, give out that he will not receive him again, others may lawfully employ such apprentice, though specially notified by the master, not to harbour him; unless the master also make known a change of resolution, and signify a willingness to receive the apprentice again.

*Dicta*—Although an action on the case, for damages for harbouring an apprentice, would be a bar to an action of *assumpsit*, for his service, for the same period, yet, evidence which would support the latter, will not support the former action; and the measure of damages in the two actions is not the same.

*Assumpsit* by the master for the wages of an absconded apprentice will lie, though the employer did not know of the apprenticeship, till after the services were performed.

If the apprenticeship was known to the employer, the master, by bringing *assumpsit* waives the tort; and the measure of damages is the value of the services *to the employer*.

But, in an action on the case, for harbouring, &c. the plaintiff must show that the defendant harboured the apprentice, *knowing him to be such;* and the measure of damages is the injury *the plaintiff has sustained*, including the value the services would have been to the master for the period the defendant harboured the apprentice, knowing of the apprenticeship.

If an apprentice break the indentures on his part, the master may treat them as cancelled, if he choose.

THIS was a motion by the plaintiff for a new trial, founded on exceptions taken to the opinion of the Court, expressed on the trial below, and which were allowed, and certified to this Court as follows:

Action on the case, for harbouring and employing one *Aaron Manning, Jr.* an indented apprentice to the plaintiff. On the trial before the jury, the plaintiff gave in evidence the indentures of apprenticeship, regularly executed by the father of the apprentice, the apprentice himself, and the master, by which the apprentice was bound faithfully to serve the plaintiff till the 16th day of August, 1827, and the plaintiff to provide for the apprentice, during said term, and to teach him the art or trade of a Saddler and Harness-maker. And it was conceded by the defendant, that the apprentice therein named left the service of the plaintiff, on the 11th July, 1824, and returned 5th January, 1825—and that during that time he was employed by the defendant—and that the following notice was served on the defendant, on the day of its date, viz.

*Windsor, August* 7, 1826.

*Dea. Thomas Raymond.*

Sir, *Aaron Manning Jr.* an indented apprentice to me, has left my service, without my consent, and I understand he is now in

*Windsor,*
*February,*
*1827.*

Conant
*vs.*
Raymond.

your employ.—This is to give you notice not to harbor or detain
him.                              I am, respectfully,
                                        your obedient serv't.
                                  STEPHEN CONANT.

The defendant gave evidence tending to prove, that the plain-
tiff, before the service of said notice, had refused to receive back
said apprentice, unless he would take back certain reports which
he had circulated, tending to injure the plaintiff.

The plaintiff's counsel requested the court to charge the jury,
that if the refusal was conditional, and the condition reasonable,
that the defendant was not justified in retaining said apprentice,
even if said notice had not been served—and that it afforded
no justification for the defendant's retaining said apprentice, after
the service of said notice.

But the court refused so to charge the jury, and gave them in
charge, that it was immaterial on what grounds or conditions the
plaintiff refused to receive back said apprentice :—that if he did
refuse to receive him back, the defendant was justified in em-
ploying him, until the plaintiff should consent to let him return,
and manifest his desire to that effect—to which the plaintiff ex-
cepted, &c.

*Everett,* in support of the motion, remarked, that it was not
made a point in the defence, that the defendant was ignorant
of the apprenticeship, before the service of the written notice;
but he admitted notice, by afterwards retaining the apprentice.
No fact was in controversy, or submitted to the jury, except
whether the plaintiff, before the service of the notice, had re-
fused to receive back the apprentice. This, alone, was consid-
ered material in the charge.

Whether he had consented to his return, or manifested a de-
sire to that effect, were not, from the evidence, matters of fact,
but of law arising out of conceded facts. The Court refused
to charge as requested.

He contended, *first,* that an unconditional refusal to receive
back an apprentice who has left his master's service, without
cause or leave, is no justification or defence for detaining him.
For, 1st, this action is not simply for harbouring, giving shelter
and permission to remain, but for detaining, employing, and
taking that benefit of his labour, to which the plaintiff was en-
titled. The value of the services is necessarily a part of the
damages. And although the plaintiff might sue in *assumpsit* for
work and labour done, he is not under necessity of doing so.

2d. By the indenture, as to third persons, the plaintiff is plac-
ed *in loco parentis,* and is entitled to the whole time, to the earn-
ings of the apprentice.

The contract cannot be dissolved by one party alone. Had
the plaintiff turned him away, his right would remain. And so
would his liability to support him, if he went away.

The minor could not recover wages for his work. And any
person employing him would be liable to the master.—1 *Barn-*

*well & Cresswell, 460.—8 Com. Law R.* 131.—1 *Salk.* 68, *Barber* vs. *Dennis.*—6 *Mod.* 69.—*Reeve's Dom. Rel.* 342–3.

*Secondly.* If the refusal was conditional, and the conditions reasonable, it afforded no justification for detaining the apprentice.

By the case it does not appear, what the precise conditions were. The doubt is not imputable to the plaintiff. It was the defendant's testimony, and the witnesses could recollect no further than was stated in the case; that is, as to what the reports were, only that they were such as tended to injure the plaintiff.

If then it was reasonable that he should take back any reports that can be supposed tending to injure the plaintiff, he has a right to put the *supposed* case as *the actual* case.

1st. If the condition was reasonable, the minor, or a third person could acquire no right by a neglect to perform it. Until the conditional refusal, the apprentice and the defendant were both in the wrong.

The plaintiff offers to receive the apprentice on a reasonable condition. He refuses. Does he acquire a right to his time and wages? Or does a third person acquire a right to his wages—to employ him, and then to pay him? Is the indenture dissolved?

2d. It is the refusal of the apprentice to return. By the relation of master and servant, he is bound to do no injury to his master. It extends to his whole conduct, lying, slander, &c. He absconds—returns. The master says, I cannot keep you unless you reform. He replies, I will not reform. Is he absolved from his relation? Can an apprentice thus emancipate himself?

If he choose to starve rather than reform, will even humanity interfere?

*Thirdly.* Whatever may have been the effect of a refusal, absolute or conditional, the notice avoids it. It states the fact, that he is an indented apprentice; that the plaintiff thereby claims his services; that he is absent without his consent, and warns the defendant not to detain him.

If by "not detain him," he *means* return, it is expressive of his desire that he should return. The effect of the notice is law, not fact, and the jury ought to have been instructed upon it.

The covenants in the indentures were independent. The misconduct of the apprentice could not authorize the master to put an end to the contract. (*Barn. & Cress.* ut supra.) His obligations and duties towards the apprentice remaining entire, his rights were also unimpaired.

*Cushman,* for the defendant, insisted, that the notice from the plaintiff to the defendant, not to harbour the apprentice, must have been accompanied with an offer to receive him, in order to make the defendant liable for the detention; for otherwise, the apprentice might be put out of the protection of society, and deprived of the means of obtaining the necessaries of life.

Windsor,
February,
1827.

Conant
vs.
Raymond:

*Windsor,*
*February,*
*1827.*

Conant
*vs.*
Raymond.

HUTCHINSON, J. delivered the following opinion of the Court.

The charge of the court to the jury, and the refusal to charge as requested by the plaintiff's counsel, present one and the same question for the decision of this court. They are counterparts of each other, or nearly so.

But the counsel are not perfectly agreed upon a preliminary question, which ought first to be disposed of, to wit: whether this be an action to recover the wages of the apprentice while in the employ of the defendant? Upon this point the plaintiff's counsel are correct in their premises, but not so in their conclusion. They are correct, when they say, that a recovery by the plaintiff in this action would be a bar to any action he might afterwards bring for wages of the boy, during the same period of service; but it does not hence follow, that this is an action for the wages, in a legal sense of the expression. The two actions are founded upon entirely different principles, and the rule of damages differs also. In *assumpsit,* for work and labour done, a man may recover for the value of the labour of his apprentice, although the employer were ignorant that he was apprentice to any person, till after the services were performed. And by bringing such an action, he waives all complaint of any wrong act done by the man he sues, and must content himself with recovering, as upon contract, the fair value of the services performed, just as if he had let the apprentice, without agreeing upon a price. And this recovery is had upon the ground of the benefit the defendant received from the services.

But the present action sounds in tort, and the ground of recovery is the injury the plaintiff sustained by the loss of the service, that is, what the service would have been worth to the plaintiff, not what it was worth to the defendant; and all the circumstances of the injury to the plaintiff should be considered in assessing the damages. Furthermore, this action, sounding in tort, cannot be maintained, merely by showing that the defendant has had the services of the plaintiff's apprentice, but it must also be shown, that he enticed him away, or harboured him, knowing him to be such apprentice. In the present action, if the plaintiff could recover at all, upon the facts stated in the case, he could only recover for the injury he sustained by the harbouring of his apprentice, after the notice served the seventh of August. But, had he brought *assumpsit* for the services, if he supported his action at all, he would recover for his services from the beginning.

Such being the nature of the present action, we proceed to examine whether the plaintiff has established, against the defendant, the wrong of which he complains? The proof upon this point is, that the defendant harboured the boy during the period complained of, and that the articles of apprenticeship, during the same period, bound the boy to the plaintiff. There is no proof, that the defendant knew of the apprenticeship till the service of the notice, on the seventh of August. There was

*Windsor*,
February,
1827.

Conant
*vs.*
Raymond.

proof, introduced by the defendant, that, before the seventh of August, the plaintiff had refused to receive back the apprentice, unless he would take back certain reports he had circulated, tending to injure the plaintiff. And on the seventh of August, a notice was served upon the defendant, signed by the plaintiff, informing that the boy was an indented apprentice of the plaintiff, and had left him without his consent, and telling the defendant not to harbour or detain him.

The charge of the court attaches importance to these facts, if the jury should find them proved. The plaintiff having refused, before the seventh of August, to receive back the apprentice, unless on terms as above, this notice, served on that day, contains no intimation of any willingness on the part of the plaintiff, to receive him. The charge, then, virtually treats all this as a refusal by the plaintiff to let the boy return, or to let the defendant employ him. And the plaintiff affirms he had a right thus to do; he says this was his mode of punishment, for the transgressions of the boy.

The position would not be tenable, nor do we understand it contended for, that the plaintiff would have a right to turn his apprentice away *without* cause, and yet retain his power over him, and prevent others employing him. The argument assumed is, that if the refusal to receive back the boy was conditional, and the condition was reasonable, that is, as applied to the case in question, if the boy had made and circulated such reports as he ought to take back, and would not, then the defendant would not be justified in detaining the boy, after the notice given by the plaintiff. Now, if the plaintiff would support this argument in derogation of the charge of the court, it must be supported by facts not in the case. What the reports were, whether injurious as complained of, whether true or false, were important matters to be presented, before the reasonableness of the course pursued by the plaintiff could be judged of by the court; and without testimony upon these points to be left to the jury, the charge requested could not be proper.

The question, then, is presented, whether the defendant might employ the apprentice, while the indentures were in full force, and after the plaintiff had refused to let him return to his service, and before he had made known any change of resolution in this respect, and when it does not appear definitely to the court what were the reasons of such refusal? We consider the defendant justified in such employment. And we go farther; we consider, if the boy deserved punishment, the plaintiff had no right to crowd him upon the world as a punishment, out of his own protection, and forbid the protection of friends, and doom him to remain an idle outcast until reformation, or till he would submit to the requisitions of the master. Reformation is not to be expected in this way; he may not fall among the best advisers; and the veto against harbouring, may, with as good right, be extended to parents as to other friends. And thus the master may excuse himself from all the duties enjoined by the in-

*Windsor,*
*February,*
*1827.*

*Conant*
*vs.*
*Raymond,*

dentures, and yet hold the indentures binding against those *who* should extend to the apprentice those charities which are the dictate of humanity. If the apprentice has broken the indentures on his part, the master may be off, if he chooses ; but he must not select such a punishment as is a virtual renunciation of his own duties of protection and instruction, and exclude the protection and employment of others. The views thus express- ed, necessarily result in the affirmance of the decision of the county court.

> The plaintiff takes nothing by his motion, and the judgment of the county court is affirmed.

*Horace Everett,* for the plaintiff.

*Isaac N. Cushman,* for the defendant.