ALBANY,
Oct. 1828.

Stuart
v.
Simpson.

---

## STUART vs. SIMPSON.

In an action on the case, for enticing and harboring apprentices, it must be shewn that the defendant *knew* they ERROR from the New-York common pleas. The action in the common pleas was *case*, brought by Stuart against Simpson, for enticing and harbouring his apprentices. It were the apprentices of the plaintiff. A court may, and it is their duty, to nonsuit a plaintiff, if the evidence in their opinion will not authorize a jury to find a verdict for the plaintiff, or if they would set aside a verdict, if so found, as contrary to evidence.

was proved on the trial in the court below, that the defendant had employed for a number of months two apprentices of the plaintiff, as supernumeraries, at the Park Theatre. There was, however, no evidence that the defendant knew that they were the apprentices of the plaintiff. The plaintiff was a cabinet maker. The apprentices went to the dressing-room with the dust of the mahogany upon their clothes, which could easily be seen. They received two shillings per night when employed on the stage; and when not employed, were admitted to the gallery of the theatre, free of expense. The plaintiff offered to prove that the apprentices of other persons, as well as his, were employed in the same manner by the defendant, which evidence was objected to and rejected; to which decision the plaintiff excepted. The plaintiff having rested, the judge nonsuited the plaintiff for the want of proof, that the defendant knew that the persons employed by him were the apprentices of the plaintiff; to which decision the plaintiff also excepted, and brought his writ of error.

*D. Graham*, for plaintiff in error. Slight evidence will prevent a nonsuit. If the evidence offered was proper for the consideration of the jury, the judgment of nonsuit should be reversed. (12 *Johns. R.* 299.) A nonsuit is, in this respect, analogous to a demurrer to evidence. The court will infer from the evidence demurred to, every conclusion the jury could have inferred from it, had they been allowed to give a verdict. (1 *Doug.* 119, *et vide* 2 *H. Black.* 187, 209.) The court will be liberal in their inferences, when the party, by demurring, takes the cause from the jury, (5 *Johns. R.* 29, and see 4 *Cranch*, 219,) and the circumstances disclosed on the trial ought to have been submitted to the jury.

The action is in the nature of an action for deceit. The defendant must have known, from the youthfulness and labor-like appearance of the apprentices, that they were minors, and not their own masters. The same principle which governs in actions for *crim. con.* and seduction, should apply here as it regards notice. In those actions, proof of notice is dispensed with, because the acts are illegal. (*Norris' Peake,*

ALBANY,
Oct. 1828.

Stuart
v.
Simpson.

545.) Is it not illegal to entice or harbor apprentices ? Was it not evident that the persons employed were minors, engaged in laborious employments ? and on proof that the managers of the theatre held out inducements to minors and apprentices, to be employed on the stage, might he not be convicted for keeping a disorderly house ? for though those establishments are not unlawful *per se*, they are so *per accidens*. (1 *Hawk.* 693.  4 *Black. Comm.* 167.)

The averment of knowledge was unnecessary. Trespass will lie for enticing away a servant. (4 *Bac. Abr.* 593, *in notis.*) If so, the *scienter* is not necessary to be laid or proved. The defendant acts at his peril, where he entices by unfair means, or for improper purposes. If notice is required, the master is remediless. The apprentice may be corrupted and ruined, before the master discovers who is the cause of the mischief. The proof offered as to the employment of other apprentices, was proper under the counts for enticing. It went to shew a systematic and settled mode of obtaining actors by unlawful means.

*J. R. Scott*, for defendant in error. It was necessary to allege and prove that the defendant *knew* that the persons stated to have been enticed, were the apprentices or servants of the plaintiff. (*Peake's Cas. N. P.* 55.  3 *Black. Comm.* 42.) There was no evidence whatever to shew the *scienter*. The boys appearing at the theatre with the dust of mahogany upon them, was no evidence of their being the apprentices of the plaintiff, more than of any other cabinet maker. It was a question of law, whether the scienter had been proved. A nonsuit may be directed, when, in the opinion of the court, the plaintiff has not given sufficient evidence to entitle him to have his cause submitted to the jury. (13 *Johns. R.* 334.) The proof of other apprentices having been employed, was properly rejected. Evidence of illegal conduct in other cases would not support this action.

*By the Court*, SAVAGE, Ch. J. The plaintiff was nonsuited in the court below, because, in the opinion of the court, there was no evidence to prove that the defendant *knew* the

apprentices to be such. The circumstances relied on, are the youthful appearance of the boys, and the mahogany dust on their clothes. The court were right in deciding that these would not warrant the jury in finding that the defendant knew them to be apprentices. In my opinion the judge was correct, also, in refusing testimony to shew that other apprentices had been employed. The point contested, was the knowledge of the defendant in this particular case, and the evidence offered did not prove it. If, therefore, the *scienter* was necessary to be proved, the court below, in my judgment, decided correctly.

But it is said that slight circumstances are sufficient to go to the jury, and whether the defendant knew the boys to be the plaintiff's apprentices or not, was a question for the jury. I agree that courts should be extremely cautious, on the subject of interfering with the province of the jury ; yet it is matter of common practice to set aside verdicts as against evidence, and sometimes because they are against the weight of evidence. If, therefore, the evidence would not authorize a jury to find a verdict for the plaintiff, or the court would set it aside if so fonnd, as contrary to evidence, in such cases it is the duty of the court to nonsuit the plaintiff.

As to proof of knowledge. It seems to be necessary, on authority, (2 *Ch. Pl.* 269, *n. y.*, *Stark. Ev.* 1310, 11,) and the *obiter* opinion of Lord Kenyon, in *Fores* v. *Wilson*, (*Peake's N. P. Cases*, 55.) It seems highly reasonable it should be so ; and *Starkie* holds it necessary to prove the fact of soliciting, which is not shewn in this case, otherwise than by the payment of the twenty-five cents. No questions were asked, and no solicitations are sworn to. On the whole, I am satisfied, that if the defendant has been guilty of the offence charged upon him, it is not substantiated by evidence.

The court below was correct, and their judgment should be affirmed.