ADDISON,
January
1830.

## JOSEPH FISHER *vs.* COMMISSIONERS OF JAIL DELIVERY.

Where it was certified on an execution, by virtue of which a prisoner was confined, that the judgement was recovered in an *action of trespass on the case*, and that the cause of action accrued from the wilful and malicious act of the prisoner, and it appeared from the record that the judgement was rendered in an action of *assumpsit*,—it was held that the certificate did not preclude the prisoner from the benefit of the oath prescribed for poor debtors, and that the act of 1823 did not extend to cases where the action in which the judgement is rendered is founded on contract.

In such case a writ of *mandamus* was granted against the jail commissioners commanding them to proceed and examine the prisoner as though no certificate had been made.

This was an application to the Court for a writ of *mandamus* against the commissioners of jail delivery of Addison county to direct them to issue notice, and to proceed and examine the petitioner, and if found to be a fit subject for the benefit of the act provided for poor debtors, to administer to him the oath in such cases prescribed. From the records which were produced it appeared, that at the term of the county court holden at Middlebury in June, 1829, one John Wood recovered a judgement against *Fisher*, the petitioner, for $719,65 damages, and for $83,82 cost. The declaration was in *assumpsit* for money had and received ; but the court adjudged the cause of action to have been wilful and malicious. An execution was afterwards issued in which it was certified that the "judgement was recovered in an action of trespass on the case, the cause of which, it is adjudged by said court, accrued from the wilful and malicious act of the said *Fisher*." *Fisher* having been committed to jail on the execution,

he applied to the jail commissioners for the benefit of the acts provided for poor debtors. The commissioners refused to proceed, on the ground that they were prevented by the certificate. *Fisher* then made this application to the Court for a *mandamus*.

The commissioners having been cited to appear and show cause why a *mandamus* writ should not be granted, appeared at this term and showed for cause the certificate aforesaid.

After argument,

Prentiss, Ch. J., delivered the opinion of the Court.—The prisoner's application to the jail commissioners to be admitted to the poor debtor's oath, and discharged from imprisonment, was refused by them, because it was certified upon the execution on which he was confined, that the judgement was rendered in an action of *trespass on the case*, the cause of which was adjudged to have accrued from the wilful and malicious act of the prisoner. From the record which has been produced, it appears, that the judgement was rendered in an action of *assumpsit*, the declaration being in a plea of the case in common form, for money had and received ; and the question is, whether, such being the nature of the action in which the recovery was had, the adjudication certified upon the execution can have any effect, in law, to preclude the prisoner from the benefit of the oath provided for poor debtors.

The act *relating to jails and jailers, and for the relief of persons imprisoned therein,* passed in 1797, provides, that any person imprisoned in jail upon execution, issued upon a judgement recovered in a proper action of *debt, covenant, contract,* or *promise,* shall be admitted to the liberties of the prison on giving bond, and, if poor, shall be discharged from imprisonment, on taking the oath in the act prescribed.—(*Comp. Stat. p.* 219, 220, *s.* 10, 12.) By a subsequent act, passed in 1823, it is further provided, that every person, imprisoned by virtue of any execution, issued upon a judgement, recovered in any action of *debt, detinue, replevin, ejectment, trespass* or *trespass on the case,* shall be entitled to all the benefits and privileges of the first mentioned act, unless the court, at the time of rendering the judgement, shall adjudge that the cause of action accrued from the *wilful and malicious act or neglect* of such person ; in which case he shall not be entitled to the liberties of the prison, or to the poor debtor's oath.—(*Comp. Stat. p.* 240, *s.* 1.) The right to the liberties of the prison and the poor debtor's oath, given by the act of 1797, is confined to cases where the judgement is rendered in an action

RR

ADDISON,
January,
1830,

Fisher
ve.
Jail Com.

founded on contract. Though the act speaks of an action of *debt* in general terms, it speaks of it in connection with *covenant, contract,* or *promise,* and was never supposed to extend to the case where the judgement is rendered in an action for a penalty or forfeiture for an offence committed. If the act of 1823 is confined to cases where the judgement is rendered in an action founded on tort, and does not extend to cases where the judgement is rendered in an action founded on contract, and especially to the case where it is rendered in an action of *assumpsit,* it settles the question in this case in favor of the prisoner. Against this construction, and to bring the prisoner's case within the act, it is insisted, that an action of *assumpsit* is an action of *trespass on the case,* and, therefore, the case is within the very words of the act; and in aid of the argument urged, it is further said, that *debt* is one of the actions specified in the act, and that *debt* lies on contract. Though *trespass on the case,* in the extended sense in which it has been sometimes used, may comprehend *assumpsit,* it is usually, and especially in modern times, used to designate actions founded on tort only. Thus *Mr. Chitty* says, " though *assumpsit* may be termed an action on the case, as falling within the provision of the statute of Westminster, it is now usually called an action of *assumpsit* ; and when the term *case* is adopted in a statute, or otherwise, an action as for a tort, and in form *ex delicto,* is usually intended, and not an action in form *ex contractu.*"—(1 *Chit. Pl.* 88.) With respect to *debt,* it is very clear that it must be understood in the act in a limited sense, and as restricted to an action in that form for a penalty or forfeiture imposed by statute. *Debt* and *trespass on the case* are enumerated in the act with *detinue, replevin, ejectment* and *trespass,* which are confessedly actions of tort; and though this circumstance might not of itself be decisive, yet taken in connection with the words which follow in the act, *wilful and malicious act or neglect,* it is sufficiently manifest that the several actions enumerated are all actions founded on tort. An adjudication, in an action of debt on judgement, on specialty, or on simple contract, that the cause of action accrued from the wilful and malicious act or neglect of the party, would be inconsistent and absurd ; and it would seem to be equally inconsistent to make such an adjudication in an action of *assumpsit.* It is true that where money has been received tortiously, or goods have been wrongfully taken and afterwards converted into money, the party entitled may recover the money in an action of *assumpsit* for money had and received, the law implying a contract in his favor. But in such case the tort is waived,

ADDISON,
January,
1830.

Fisher
vs.
Jail Com.

and the action proceeds, not on the tort, but on the implied contract.—(*Lindon* vs. *Hooper*, *Cowp.* 414; 1 *Chit. Pl.* 90.) The argument, that where a recovery is had in such case, the case is as much within the reason and policy of the act of 1823, as if the recovery was had in an action of trespass or case founded on the tort, may be urged with equal force in the case where a recovery is had in an action of *covenant* for the commission of waste by a wilful destruction of buildings or timber; and yet *covenant* is not mentioned in the act, nor the case pretended to be within it. It was not the intention of the legislature to give the court power to deprive a party of the liberties of the prison and the poor debtor's oath, generally, and in all cases, where the cause of action may have originated out of a tortious act, without regard to the form of action adopted, but only in actions of a particular form, and where the action is brought and grounded directly on the tort. The power, without such limitation, might be dangerous, and liable to great abuse. When it appears from the form of the action that it is founded on contract, and not on tort, the act of 1823 does not apply; but where upon the face of the record, the cause of action arises *ex delicto*, and is for a tort, the question may arise whether it accrued from the wilful and malicious act or neglect of the party, and the court may adjudicate upon it.

By the act of 1797, the right to be admitted to the liberties of the prison, and to the poor debtor's oath, is expressly given to every person imprisoned on an execution, issued upon a judgement, recovered in an action on contract or promise; and as this act, as we have already seen, is not repealed or altered by the act of 1823, the right claimed by the prisoner is clear and perfect under that act. The act of 1823, instead of modifying or restricting the operation of the former act, enlarges the right to the liberties of the prison and the poor debtor's oath, by giving it in cases not provided for in the first act. The one gives it in cases where the recovery is had in an action founded on contract; the other gives it in cases where the judgement is rendered in an action founded on tort, but limits and qualifies the right so given, by authorizing the court, in such cases, to adjudge and certify that the cause of action accrued from the wilful and malicious act or neglect of the party. The power to adjudge and certify applies only in the cases to which the right is thus extended, and is given to qualify and limit the right so enlarged, but not to restrict or affect the right given in any case by the act of 1797. This is the just

ADDISON,
January,
1830.

Fisher
vs.
Jail Com.

and reasonable construction ; and if so, the adjudication, certified upon the execution in this case, is nugatory, and without any effect in law.    The action was *assumpsit*, and was grounded on a contract express or implied.    To hold that the act of 1823 extends to the case where a recovery is had in an action of *assumpsit*, or to any case except where the judgement is rendered in an action founded on tort, would not only be contrary to the intent of the act, but would be allowing to the courts a power, which might, especially when exercised by single magistrates, who have an extensive jurisdiction in this state, be productive of much injury and oppression.

Rule absolute.

*Doolittle*, for Fisher.
*Bates*, for jail commissioners.