By the Court, Cower, J.
The evidence of payment to the contractor in full, after the buildings were substantially com *288 pleted and before the attested account of the plaintiffs was served, was decisive. So, I think, was the evidence of the fairness of the payment in respect to the plaintiffs. The court below thought the whole case so clear for the defendant, that, if a verdict should be rendered against him, they would be obliged to grant a new trial. They therefore refused to submit the case to the jury, though requested to do so by the plaintiffs’ counsel. It is now hardly pretended that there was evidence on which the jury could have found for the plaintiffs with any color of propriety; but the nonsuit is thought to be erroneous, because it was granted on the evidence of the defendant. It is said that to warrant a nonsuit on his evidence, after a plaintiff has made out a prima facie case, the evidence must be conclusive in its character—a record, for instance, or something amounting to absolute verity— so as to present a mere question of law. We do not understand this to be the rule. It is enough that a verdict for the plaintiff would be against the clear weight and effect of the defensive evidence, whatever may be its character. (Davis v. Hardy, 6 Barn. & Cress. 225 ; Stuart v. Simpson, 1 Wend. 376, 379 ; Demyer v. Souzer, 6 id. 436—8 ; Wilson v. Williams, 14 id. 146 ; Fort v. Collins, 21 id. 109 ; Jansen v. Acker, 23 id. 480.)
As to the evidence in reply, it was the plaintiffs’; and failing, as we think it did, to overcome the defence, or even to raise a question of fraud for the jury, it was still more obviously proper to withdraw this from their consideration.
Judgment affirmed.