## Eddy et al. v. Wilson et al.

Where the record of a case is silent relative to the circumstances under which a non-suit was rendered, as to one of the defendants in an action on the case, it will be presumed that the court acted properly.

In an action, *ex delicto*, where there is no evidence against a defendant, or such deficient evidence, that the court would be justified in setting aside the verdict, the court may order a non-suit without the consent of plaintiff.

If a plaintiff goes to trial on two counts of a declaration containing four, he abandons the other two counts ; and should not afterwards object to the action of the court in sustaining a demurrer to them.

### Error, to Henry District Court.

This was an action of trespass on the case, commenced by Eddy and Sewell, against R. and J. Wilson and Henshaw, to recover damages for injuries sustained by the plaintiffs, upon the dam of the defendants, in navigating the waters of Skunk

river with a flat boat. Issue was joined on the first and fourth counts of the declaration; and a demurrer sustained to the second and third. These counts aver among other things, that by an act of the legislative assembly of the territory of Iowa, authority was given to Robert Wilson, his heirs and assigns, to erect a dam across Skunk river, upon condition that it should be so constructed as to contain a convenient lock of stated description, for the passage of steam, keel, and flat boats; but that he built the dam without such a lock, and in consequence, in attempting to navigate the river with their flat boat, it struck upon said dam, and sunk with all the loading. As the sufficiency of these counts was not particularly decided upon by the supreme court, it is not necessary to quote them in detail. The objection alleged as cause of demurrer was, the second and third counts do not show that the defendants, J. Wilson, and Henshaw, were either the heirs or assigns of R. Wilson, or were in any way bound to put a lock in the dam. 2. They do not set forth sufficient cause of action against the defendants. 3. The declaration does not show the plaintiffs' right to navigate the river; nor aver that it was or is, a navigable stream, or public highway. 4. The counts prove the plaintiffs to be trespassers upon R. Wilson's milldam. The record does not show upon which of these grounds the demurrer was sustained. Upon trial on the other two counts, after the evidence on the part of the plaintiff was concluded, the court directed a non-suit as to Henshaw. A verdict of not guilty, and judgment in favor of the other two defendants.

*M. D. Browning,* and *D. Rorer,* for the plaintiffs.

*J. C. Hall,* for the defendants.

*Opinion by* HASTINGS, C. J. A question is raised in this case as to the power of the court below to order a non-suit in an action on the case, as to one of the defendants. The record states that after the evidence on the part of the plain-

tiff was concluded, the court directed a non-suit as to Henshaw. As to whether the non-suit was ordered on the motion of one or all of the defendants ; or by consent of the plaintiff, or of the counsel of all parties ; or whether the plaintiff objected to the order of the court, or what reasons there were for directing the non-suit, the record is silent. If the plaintiff objected to the non-suit, he should have made his objection manifest on the record. In the absence then of record, we will presume the court below did right, and if necessary, that both parties consented and requested the court to discharge the defendant.

But we believe it will not be necessary to presume so much to sustain the action of the court. If in an action *ex delicto*, the court find there is no evidence against a defendant, or if the evidence be such that the court would not hesitate to set aside a verdict, for reason that the evidence did not sustain the same, we think the court may order a non-suit without the consent of the plaintiff. Otherwise, a co-defendant could be deprived of all witnesses.

Such an order is said to be no infringement of the declaration of rights, which secures the privilege of trial by jury. *Perly* v. *Little*, 3 Greenl. 97. For the exercise of such power see 1 Paine and Duer's Prac. 540 ; 1 Wend. 376 ; 3 Greenl. 5 ; 1 Wend. 379.

We think the court did not err in sustaining the demurrer, and that by going to trial on the first and fourth counts, the plaintiff abandoned the second and third counts.

Judgment affirmed.