WILLARD BUTTERFIELD *vs.* ABRAHAM ASHLEY, 2d, & another.

An action on the case, brought by a father for the enticing away of his son from his service, is not maintained by proof that the son left his father's service in another state without his father's consent, and offered his services to the defendant,

who, knowing him to be a minor, at first refused to employ him, and did em-
ploy him only at his urgent solicitation and upon his representation that he
had his father's consent.

THIS was an action of trespass on the case, for enticing
away the plaintiff's son and servant from his employment.
The action was tried in the court of common pleas, before
*Perkins,* J., and came into this court upon exceptions to the
judge's instructions to the jury.    The case is fully exhibited in
the opinion of the court.

J. G. *Abbott,* for the defendants.

B. F. *Butler,* for the plaintiff.

The opinion was delivered at the October term, 1851.

METCALF, J.    The question now to be decided is, whether
the instructions given to the jury, upon the evidence introduced
at the trial, were warranted by the law of the case.

The declaration contains a single count, in which it is alleged
that the defendants, knowing that the plaintiff's son was in
his employment and service, enticed him into their employ-
ment, put him on board a vessel, and sent him to sea on a
whaling voyage.    The evidence was, that the son left his
father's house in New Hampshire, without his father's consent,
and went to New Bedford; that he there applied to the de-
fendants to employ him in a whaling vessel; that they, know-
ing him to be a minor, at first refused to employ him; but
that, at his urgent solicitation and upon his representation that
he had his father's consent to go on a voyage, they took him
into their employment and sent him to sea.    Upon this evi-
dence, the jury were instructed that the defendants were liable
in this action, if the plaintiff never assented to his son's being
employed by them, although they honestly believed that he
had given his full consent.    And we are of opinion that these
instructions were wrong.

A master may maintain an action on the case against one
who, knowing that another is his servant, entices him away
from his service, or retains and employs him, after he has
wrongfully left that service without being enticed away; and
also against one who continues to employ his servant, after
notice that he is such, though the defendant, at the time of

retaining or employing him, did not know him to be a servant; and a father is the master of his minor child, within these rules of law. The books of entries contain forms of declarations adapted to these three distinct causes of action. And a plaintiff generally inserts at least two counts in his declaration ; one for enticing, and another for employing or harboring; so that he may succeed on the latter, though he may fail to support the former. But in either form of declaring, it is a material and necessary allegation, that the defendant knew, at the time of enticing, employing, or harboring, that the party enticed away, employed, or harbored, was the servant of the plaintiff, or that he afterwards had notice thereof, and continued to employ or harbor the servant, after such notice. And such knowledge or notice must be proved, in order to support the action. See 8 Wentw. Pl. 438 ; 2 Chit. Pl. (6th Amer. ed.) 645, 646 ; 1 Bl. Com. 429 ; 3 ib. 142 ; *Fawcet* v. *Beavres*, 2 Lev. 63 ; *Blake* v. *Lanyon*, 6 T. R. 221 ; Reeve's Dom. Rel. 291 ; *Sherwood* v. *Hall*, 3 Sumner, 127 ; *Ferguson* v. *Tucker*, 2 Har. & Gill, 182 ; *Conant* v. *Raymond*, 2 Aik. 243 ; *Fores* v. *Wilson*, Peake's Cas. 55.

The gist of an action like that now before us is, says lord Mansfield, " that the defendant has enticed away a man who stood in the relation of servant to the plaintiff." *Hart* v. *Aldridge*, Cowp. 54, 56. And the enticing must be proved. 3 Stark. Ev. 1310 ; *Stuart* v. *Simpson*, 1 Wend. 376. Now what is meant by " enticing away from the service " of another ? So far as we know, the word " entice " has no technical meaning. But, in a declaration like that in this case, it must mean something quite different from a reluctant employment of another's servant, under a belief that the master has consented to that employment. The word is often joined, in the precedents of forms, with the words " solicit, seduce, persuade, and procure ;" and it evidently imports an active and wrongful effort to detach a servant from his master's service, by offering inducements adapted to that end. In *Keane* v. *Boycott*, 2 H. Bl. 511, Eyre, C. J., describes enticement and its effect as a dissolution of the relation of master and servant " officiously." We see no evidence of enticement, in the present case. The son had

wrongfully left his father's service, before he was employed by the defendants; so that the plaintiff's declaration is not sustained by the proof. If evidence of the mere employment of another's servant, knowing him to be such, would support a declaration for enticing him from his master, there would be no necessity for a count which omits the allegation of enticement, and charges only a retaining, employing, or harboring.

Besides; if, in the opinion of the jury, the defendants believed that the plaintiff had fully consented to their employing his son, then the material averment in the declaration, that they well knew that he was in the plaintiff's service, was not proved, but was disproved. For it is impossible that they should know him to be in the service of one whom they believed to have dispensed with his service.    *New trial ordered.*