THOMAS ELWELL *v*. JOSEPH MARTIN AND *Trustee*, LORENZO HALL.

*Infant.    Assumpsit.    Trustee process.*

An infant is liable in assumpsit for money had and received for money ₊ortiously taken by him.

And in such an action a debt due to the infant may be attached and held by the trustee process.

In construing the statute (Comp. Stat., p. 256, sec. 1,) specifying what actions may be brought by the trustee process, the expression "*founded on any contract,*" relates solely to the *form* of the action.

ASSUMPSIT for money had and received.    Plea, the general issue, and trial by the court, at the September Term, 1858, in Chittenden county,—BENNETT, J., presiding.

The suit was brought to the March Term, 1858, and was tried upon a case stated by which it was admitted that on the 22d of September, 1857, the defendant tortiously, and without the plaintiff's knowledge or consent, took from the latter one hundred and ninety dollars in bank bills and specie, belonging to the plaintiff, and never returned the same to the plaintiff, nor paid him therefor.

The defendant was a minor until June 30th, 1858.

The defendant never recognized the plaintiff's claim as valid, nor in any way promised to pay it, unless from the facts above recited the law implied a promise upon which the action brought could be sustained.

After the case stated was agreed upon, the defendant filed a motion to dismiss the action on the ground that it could not properly be brought by way of the trustee process, because the facts showed that it was not founded upon any contract, express or implied.

But the court overruled the motion to dismiss, and rendered judgment for the plaintiff for one hundred and ninety dollars, and interest from September 22d, 1857, to both of which decisions the defendant excepted.

*L. E. Chittenden* and *William G. Shaw*, for the defendant.

1. No contract is absolutely binding upon an infant except one

for necessaries. Every other contract is either void or voidable at his election; 1 Am. Lead. Cases 244; 1 Parsons' Cont. 244; Chitty on Cont. 141.

The plaintiff, by bringing his action for money had and received, has entirely *waived* the tort, and put the case upon the same ground as though the defendant had, without wrong, received money belonging to the plaintiff which he has neglected to pay over; *Fisher* v. *Jail Commissioners*, 3 Vt. 328; *Conant* v. *Raymond*, 2 Aikens 243; *Young* v. *Marshall*, 8 Bing. 43, 21 E. C. L. 215; *Lamb* v. *Clark*, 5 Pick. 193; *Miller* v. *Miller*, 7 Pick. 133; *Jackson* v. *Mayo*, 11 Mass. 147.

The theories on which the two actions of assumpsit and tort for the tortious taking of money are based, are entirely different. The measure of damages is different in the two actions. In the action of tort it is the injury to the plaintiff; in that of assumpsit it is the benefit to the defendant.

This action then, as brought by the defendant, cannot be said to be substantially the same as an action of tort would be for taking the same money. As brought, it rests solely on a contract footing, and being unconnected in any way with necessaries for the infant, it is not binding upon him; 20 American Jurist 266; *Merriam* v. *Cunningham*, 11 Cushing 43; 1 Parsons on Cont. 267.

An infant can make no express contract which is binding upon him *as such;* *Earle* v. *Reed*, 10 Metcalf 387; *Bradley* v. *Pratt*, 23 Vt. 378. A promissory note or other express contract by an infant to repay money received by him, even for the purpose of buying necessaries, is voidable; 1 Parsons on Cont. 246. So also if the note is given as a compensation for the infant's torts; *Hanks* v. *Deal*, 3 McCord 237, cited in 1 Parsons on Cont. 264.

Therefore, in this case, if the infant after the tort had made an express promise to repay the money to the plaintiff, an action could not have been maintained against him thereon if he chose to avoid it. Can it be that an express promise is weaker than an implied one to do the same thing? Is it possible that the law will *imply* a binding contract against an infant contrary to his will, when it will not enforce his express and voluntary contract, based upon the same consideration, and pointing to precisely the same result as such supposed implied contract?

2. But if the action of assumpsit can be sustained at all against an infant under these circumstances, it must be sustained upon the ground that though the action is *in form ex contractu*, it is really *ex delicto* in substance.

Upon this ground we claim that this action cannot properly be brought by way of the trustee process, because it is not *founded* upon contract, express or implied, and that, being so brought, it should be dismissed; *Hill* v. *Whitney*, 16 Vt. 461; *Ferris* v. *Ferris*, 25 Vt. 100; *Tarbell* v. *Bradley*, 27 Vt. 535; *Preston* v. *Hutchinson*, 29 Vt. 144; *Barker* v. *Esty & Trustee*, 19 Vt. 131.

*George F. Edmunds* and *J. French*, for the plaintiff.

1. The liability of an infant for his acts does not depend upon the form of action brought in respect thereto. His liability cannot be enlarged by the adoption of a form *ex delicto;* neither can it be diminished by the adoption of a form *ex contractu*, which is adapted to the case. His immunities and responsibilities depend upon the nature of his acts, not on the form of pleading. As the law does not allow the *form* of remedy to diminish his right as an infant, neither does it allow it to diminish his responsibility.

The principle on which the immunity of an infant rests, is founded solely on his supposed inability to cope with the mature mind of full age in making contracts; hence, it is his contracts *made* by him, that are supposed to be invalid.

It seems clear therefore, that when the law raises a promise from an act for which he is confessedly responsible, and in respect to which he has no protection from his non-age, he can be sued on such promise and compelled to pay damages for its non-performance. His want of capacity does not enter into such a promise. It is a promise which the law makes for him, and the law has no infirmity; Bingham on Infancy 261; *Bristow* v. *Eastman*, 1 Espinasse N. P. C. 172; *Oliver* v. *McClellan*, 14 U. S. Dig. 366, sec. 36; *Wood* v. *Vance*, 1 Nott & McCord, 2 U. S. Dig. 541, sec. 167; 1 Am. Lead. Cases 247–261; 2 Greenleaf's Ev. 235.

2. The motion to dismiss was properly overruled. The statute declares that " all actions founded on contract, express or implied, may be commenced by the trustee process." The single and

simple question then is, is the action of assumpsit for money had and received, and supported by evidence of a promise implied by law to repay money surreptitiously taken, an action founded on contract, express or implied?

The question seems to answer itself; *Fisher* v. *The Jail Commissioners*, 3 Vt. 328.

ALDIS, J. The defendant, a minor, tortiously and without the knowledge or consent of the plaintiff, took from him one hundred and ninety dollars in money; is he liable therefor in assumpsit for money had and received?

It is admitted that if he were an adult he would be so liable. Where property has been tortiously taken and converted into money, the plaintiff may sue in tort, or he may waive the tort and sue in assumpsit. When it is said that he waives the tort, it is not meant that he does any act or makes any averment in his declaration to that effect. He simply brings assumpsit instead of trespass or trover, and thereby foregoes the advantage he would have if he sued tortwise to claim higher or exemplary damages, and to proceed against the person of the defendant. By bringing assumpsit he pursues a remedy milder and more favorable to the defendant. The defendant cannot be worse, and may be better off by being sued *ex contractu*. Such is the law as applicable to adults.

It is also admitted that the defendant is liable for the tort, and that the damages recoverable in an action *ex delicto*, cannot be less than the money tortiously taken, which would be the measure of damages in assumpsit. But it is claimed that although infancy is no bar to the cause of action in tort, although the infant is fully liable for the tort, still if the plaintiff elect to sue in assumpsit, then the infant, on account of the form of action, can plead his infancy in bar of the suit.

The plea of infancy is allowed to protect the infant from imposition, to shield him against the consequences of his inexperience and ignorance. Hence, his express promises do not bind him. Even for necessaries, which he must have or otherwise he would starve, he is not liable by virtue of any express promise; for if he promise to pay an unreasonable price for them, he is not bound by

such promise, but only to pay a reasonable price, which is *implied.*

As infancy does not protect him from the consequences of, and liability for his tortious acts, why should it furnish him with a defence against them when sued *ex contractu,* instead of *ex delicto.* The right to elect the form of action belongs to the plaintiff. The infant cannot be injured, but may be benefitted by being sued in assumpsit. Why may not an infant be allowed to have a milder remedy brought against him as well as adult tortfeasors?

The promise upon which he is made liable is not an express one. The law implies it from the wrongful act. It is not a contract in which he may have been cheated and against which infancy shields him, but a willful wrong which he has committed against another, and in which the law implies the obligation to make restitution. Here the necessity is to protect, not the infant, but society.

The plea should cease when the reason for it ceases.

Although the form of action is assumpsit, yet the substance is in tort, and when the substance is made to appear by proof, we see no reason why the form of action which is favorable to the infant may not be maintained. In the substance of the proceedings there is no anomaly, and none as to the form which is not fully answered by allowing such suits to stand against adults.

The action we think is fairly sustained by authority; *Bristow* v. *Eastman,* reported in 1 Esp. 172, and in Peake 223, is an authority to show that an infant who has embezzled money may be sued for it in assumpsit.

As reported in Espinasse it is a direct decision on the point. In Peake it is said that the plaintiff proved that the defendant acknowledged the fraud and promised to pay after he came of age, so that the point was not determined. In this view it is but the doctrine of Lord KENYON. We notice, however, that the case is much more fully reported in Espinasse, and seems to bear upon its face the marks of greater accuracy, and a more thorough knowledge of the case.

The doctrine then held by Lord KENYON, that an infant is liable in assumpsit for money he has embezzled, has been recognized and adopted by several elementary writers on the subject of infancy; by Judge REEVE, in his Domestic Relations 246;

by Prof. GREENLEAF, 2 Greenleaf's Ev. sec. 368, and by Story on Contracts, p. 64. It is questioned upon what seems to us insufficient ground in an article in the American Jurist, January, 1839. See also Bingh. on Infancy, p. 111. and 1 Am. Leading Cases 261.

The defendant has cited several cases to show that to sue in assumpsit the plaintiff must waive the tort, and that then the case must proceed as if the money was received without wrong, and the defendant only liable for a breach of contract. Such is unquestionably the theory of the law, and the principle is recognized in the cases cited; *Conant* v. *Raymond,* 2 Aik. 243; *Fisher* v. *Jail Commissioners,* 3 Vt. 328; *Young* v. *Marshall & Poland,* 21 E. C. L. 215, (8 Bingh. 43.)

But this does not settle the question here at issue, whether an infant tortiously taking money can plead infancy in bar, when sued in assumpsit, for the validity of a plea as a defence may, and ordinarily should turn, not upon the form of the action, but its substantial merit. Indeed, the language of Ch. J. TINDAL, in the case last cited, shows upon what grounds, and why, a party may waive the tort, and the reasons assigned show that it may as well be waived in the case of an infant as of an adult. He speaks of it as a general rule, that "no party is bound to sue in tort, where, by converting the action into an action of contract, *he does not prejudice the defendant,* and generally speaking, it is more favorable to the defendant to be sued in contract."

In the same case, BOSANQUET and ALDERSON, Judges, say that by waiving the tort the plaintiff does not affirm the wrongful acts of the defendant, but merely waives his claim to damages for the wrong, and is content to sue for the proceeds of the wrongful act.

Our attention has also been called to the principle generally recognized and established in this State in *West* v. *Moore,* 14 Vt. 449, that where the liability really arises by breach of a contract, though accompanied by fraud or tort, the plaintiff shall not be allowed to change the form of action and hold the infant liable *ex delicto* for the tort. The reason of these decisions stands upon the plain ground of protecting the infant against his liabilities really arising upon contract. In tort the infant might be liable

for greater damages than upon contract, and when the substantive cause of action is upon a contract, he ought not to be liable at all. The cases under this head are numerous.   Sometimes it is difficult to tell which most preponderates, the contract or the tort, and the rule which has been sometimes applied as a tort, that the conversion must be willful, and not constructive, by breach of the contract, seems just in theory, though very difficult in practical application.   See the cases on this point collected in 1 Am. Lead. Cases 260, *et seq.*

But it by no means follows that because an infant may not be made liable for his contracts by changing the form of action to tort, that he shall not therefore be made liable *ex contractu,* where he is in fact liable for his wrongful acts, and the law implies from them in all other cases the promise and the duty of making restitution.   To extend to an infant the privilege of defeating his legal liability by setting up his infancy as a defence, not to the cause of action, but to the form in which it is declared upon, would not, we think, be a reasonable conclusion from the acknowledged principles upon which the privilege of infancy is granted to him, and is not required by any of the rules regulating the forms of action.   On the contrary, it would convert the shield into a sword.

II. It is urged also by the defendant that the trustee process will not lie in such a case, as the statute provides that trustee suits may only be brought upon actions founded upon contract.

In the construction of this and similar statutes, our courts have always held that the form of action should govern, and they have not gone behind the form of action to ascertain whether the cause of action was originally *ex delicto* or *ex contractu.*   Thus, in *Fisher* v. *Jail Commissioners,* 3 Vt. 330, the court hold, that if one is sued in assumpsit for tortiously taking goods and converting them into money, he comes within the provisions of the act allowing persons imprisoned upon judgments recovered in actions founded on contract, to take the poor debtor's oath, and that the form of action determines the right.

The judgment of the county court is affirmed.