West, J.
A common carrier who receives goods under an agreement to transport them over the whole or any part of his own route, and then to forward them to a destination beyond, acts in the two-fold capacity of carrier and forwarder. In the latter capacity, alleged negligence in which is the single ground of controversy presented by this record, he acts as agent of the consignor, and as such, is bound to transmit with reasonable exactness, to the next succeeding carrier, the instructions of his principal. If these instructions be without restriction as to the subsequent route, intermediate consignment, or mode of transit of the goods, but are in general terms to forward them to a designated destination, he will have discharged his duty as forwarding agent, by accompanying their delivery in good order to the carrier of the next usual route of transit, with the like general instructions, in terms sufficiently explicit and unambiguous to inform him of their ultimate destination. Briggs v. Boston and Lowell R. R. Co., 6 Allen, 249. But if the instructions of the consignee be special and restrictive) *331 the carrier will not have performed his duty as forwarding agent, if he shall have neglected or omitted to transmit, with the delivery of the goods to the next carrier, any material or substantive part of such special instructions. Whence it follows, as a necessary consequence, that he shall stand responsible for and make good any loss to which such negligence or omission shall have contributed. Redñeld on Carriers, see. 186.
The jury, on the trial below, must have found — and we can not hold the finding not warranted — that the consignor of the goods, the loss of which is disclosed, gave special instructions in regard to their transmission; that these instructions were written in the freight way-bill, which came into the possession of the plaintiff' in error, and are in these terms : “ II. II. Washburn, Martinsburg, Mo., N. M. R. R.” via Cincinnati and St. Louis f that the plaintiff in error, when it delivered the goods to the Cincinnati Transfer Company, which was the next succeeding carrier, failed to transmit the whole of said instructions, but omitted therefrom the letters “ N. M. R. R.that these letters are well known to all competent western carriers to be the initials of the North Missouri Railroad, having its eastern terminus at the city of St. Louis; that the presence of these initials in the shipping-bills indicated that the North Missouri Railroad Company was an intermediate consignee of the goods at St. Louis; and that their omission left them without consignee at that place.
The instructions, thus transmitted by the plaintiff in error to the Cincinnati Transfer Company, showing no consignee of the goods at St. Louis, the agent of the latter volunteered to constitute a consignee thereof at that city, which he would not have done if the instructions had contained the omitted initials. On this point, the testimony of Healey, agent of the Transfer Company, is explicit. He says, “ If the way-bill, which I received from the Little Miami Railroad Company, had been marked with the initials “ N. M. R. R.,” I would not have consigned the goods to the caro of C. A. Scott & Co., and they would have been shipped to *332 the North Missouri Railroad. . . . The St. Louis Transfer Company would have carried them from the Ohio and Mississippi Railroad, in St. Louis, to the depot of the North Missouri Railroad.”
Thus it is apparent that the act of the Cincinnati Transfer Company, which resulted in the loss of the goods, was, in point of fact, induced or influenced by the omission of the plaintiff in error to transmitió the next carrier en route the consignor’s special instructions.
It is asserted for the plaintiff' in error, however, that the interpolation of an intermediate consignee, into the instructions transmitted by it to the Cincinnati Transfer Company, without providing against the contingency of a failure, or refusal, to receive the goods by him, made the Transfer Company liable; that otherwise the Ohio and Mississippi Railroad Company would not have been limited in its discretion to the delivery of the goods t® a particular carrier at St. Louis, but would have had the option to make the transit of the city effectual by the employment of any carrier willing to accept the service.
It is also insisted that the Ohio and Mississippi Company, to whom freight was guarantied, made itself liable by refusing to guarantee freight to Scott & Co., in consequence of which the goods were suffered to perish.
In the view we have taken of the questions presented, it is not necessary to consider or controvert either of these positions. Both are probably tenable, and the plaintiff in error may sustain to the Cincinnati Transfer Company the relation of consignor, whose instructions have been departed from; in consequence of which, a right of recovery over has accrued to the former. But whatever may be the liability of others, either among themselves, or to the defendant in error, the fact that the negligence of the plaintiff in error contributed to a loss for which others may be severally liable may, notwithstanding, give a right to a several recovery against it also.
2. This conclusion is not varied by the fact that the packages bore labels containing the omitted initials, it not *333 appearing that these inscriptions came to the knowledge of the transfer company’s agent, charged with the duty of receiving and transmitting shipping-bills. Packages are often sent forward in close coaches, without reshipment, or inspection. The accompanying papers are presumptively correct, and the carrier receiving them may well rely on the accuracy of the instructions therein written without resorting to the inscriptions on the packages.
At the trial below, counsel for the plaintiff in error asked the court to give certain instructions, which were submitted in writing. The court having examined and approved them, instead of reading them to the jury, directed the manuscript to be banded to them, the counsel at the time not objecting. It was too late, after verdict, to except to this mode of instructing the jury. If it is ground of exception at all, the exception should have been noted at the time.
In the light of the whole record, then, we can not say, as matter of law, that the omission, by the plaintiff in errror, of a material part of the consignor’s special instructions from the transmitted way-bill, which the jury found contributed, in point of fact, to the alleged loss, created no liability. The judgment of the Superior Court will be affirmed, with costs.