## JOHN W. KENNEY *vs.* THE BALTIMORE AND OHIO RAILROAD COMPANY.

*Action for Enticement of Infant from Service of Parent.*

When a minor, who is not at the time rendering actual service to his father, voluntarily obtains employment from the defendant, the father ' is not entitled to maintain an action against the defendant for enticing his son away from his serivce.

Appeal from the Circuit Court for Washington County (KEEDY, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, BOYD, and SCHMUCKER, JJ.

*J. W. S. Cochrane*, for the appellant.

The Court declined to hear *John G. Wilson* and *David J. Lewis*, for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

The appellant sued the appellee in the Circuit Court for Allegany County for damages for an alleged enticement out of his services of his minor son, George R. Kenney.

The declaration contained two counts of which the first was for fraudulently and maliciously enticing the son away from the service of the father and the second was for so enticing the son who was inexperienced in working on machinery and employing him, in the face of the objection of the father, as a helper in repairing engines and machinery in a round house or machine shop where he was crushed between an engine and the round house door jamb and killed, whereby the plaintiff lost his son and the services thereof as well as his heir." The defendant pleaded *non cul.* to the first count and demurred to the second, and the Court sustained the demurrer.

The case was then moved on the affidavit of the defendant to the Circuit Court for Washington County where the issue made upon the first count of the declaration was tried before a jury. At the trial of the case, the defendant, at the close of the plaintiff's testimony, presented two prayers asking the Court to instruct the jury that the plaintiff had offered no legally sufficient evidence to entitle him to recover in the case, and that their verdict must be for the defendant. The Court granted the prayers and the verdict and judgment being for the defendant the plaintiff appealed. There is but one exception in the record and that is to the granting of these prayers.

The action of the lower Court in granting the defendant's prayers was clearly correct, as the record furnishes no evidence of the practice of any solicitation, persuasion or enticement by the defendant or its agents upon the plaintiff's son. It appears from the record that the son had several years prior to the time of the alleged enticement been in the defendant's

employment with the consent of the father who had himself procured the situation for the son. The son left his first situation with the defendant and went along with his father into the employment of the West Virginia Central Railroad Company where they were engaged in repairing railway tracks in the State of West Virginia. The father subsequently gave up the railway service and went to farming for an occupation, leaving the son in the employ of the West Virginia Central Railroad Company where he continued to perform the same kind of labor for about a year longer. During this time the son gave the checks which he received in payment for his work to his father, who supported him.

Sometime prior to September 3rd, 1902, the son, together with a friend who was working with him, abandoned the work on the railroad track in West Virginia and went to the home of his brother, who resided in Cumberland, Maryland. Both the son and his friend about September 3rd, 1902, made application to the Baltimore and Ohio Railroad Company at Cumberland for work and were employed by that company and put to work repairing engines and machinery in the round house where they continued to labor together until the appellant's son was fatally injured on the 25th of September, 1902. The friend who was working with the appellant's son was a relative of the brother's wife and they boarded together at the brother's house in Cumberland.

The appellant's son when applying for a place in the service of the Baltimore and Ohio Railroad Company, as a condition of his employment, signed a formal written application for membership in the Relief Association of that company, such as is usually signed by minors, containing a clause of assent to be signed by his father. He was given the application to procure his father's signature to the assent and in the meantime was permitted to go to work. He sent the application to his father who declined to sign it and sent it back to him, but that fact was not disclosed to the railroad company, nor does it appear that the appellant ever declared or intimated to that company that he had any objection to the employment

by it of his son, or even informed it that his son was, or had
been, employed on his behalf by the West Virginia Railroad
Company.

The record thus completely fails to show any of the essen-
tial elements of an actionable enticement by the appellee of
the appellant's son, for it does not appear that at the time of
his employment there was an actual subsisting state of service
by him to his father of which the appellee had knowledge, or
that the appellee or its agents persuaded, procured or enticed
him to leave any service at all.   To maintain this action the
evidence must show an actual service of the parent by the
minor child and some active or affirmative effort by the de-
fendant to detract the child from that service.  It is not enough
to show that the child has left the father's service without the
father's consent and entered into the employment of the de-
fendant, there must be some affirmative solicitation by act or
conduct by the latter in order to make him liable in an action
like the present one.   After the child has voluntarily left the
father's service and is out of it he cannot be induced from it.
*Ashley* v. *Butterfield,* 60 Mass. 249; *Stuart* v. *Simpson,* 1 Wend.
379; *Caughey* v. *Smith,* 47 N. Y. 249–50; *Loomis* v. *Deets,*
unreported case in 80 Md.; reported in 30 Atl. R. 613; *Nash*
v. *Douglas,* 12 Abb. Pr. 190; *Arnold* v. *St. L. & S. F. R.,* 74
S. W. R. 5.

No notice was taken on the briefs or in the argument in
this Court of the action of the Circuit Court for Allegany
County upon the demurrer to the second count of the decla-
ration and we therefore deem it unnecessary to notice that
action further than to say that we find no error in the Court's
ruling upon that pleading.

No error appearing in the rulings of the Court below the
judgment will be affirmed.

                                        *Judgment affirmed with costs.*

(Decided June 20th, 1905.)