Provident National Bank et al. v. C. D. Hartnett Company.

No. 1580.    Decided November 28, 1906.

**1.—Draft—Assignment of Account.**

A draft by a creditor on his debtor in favor of a third party, for an amount equal to or greater than the sum due, with account attached to the draft, operates as a transfer of the account to the payee, though the debtor refuse to accept the draft.    (P. 219.)

**2.—Same—Action—Venue.**

When a draft, cashed by the payee, operates as an assignment by the drawer, the payee, on nonacceptance, can, as assignee, sue the drawee for the indebtedness, and the drawer, as guarantor of the draft, at the residence of the latter, and the drawee can not avail himself of the privilege of being sued in his own county.    (Pp. 219, 220.)

**3.—Shipper and Consignee—Refusal to Accept.**

On a sale and shipment of goods, the consignee who refuses to receive them becomes liable for the difference between the general price and the sum realized on resale, and the account, being capable of definite ascertainment, is assignable. (P. 220.)

Questions certified from the Court of Civil Appeals for the Third District, in an appeal from McLennan County.

*J. W. Davis* and *Geo. M. Shelton,* for appellant.—When A, claiming indebtedness to it by B, prepares an itemized account showing said indebtedness, and draws a draft with said itemized account attached thereto, stating in the draft, "statement attached," and presents said draft to a bank, and said bank pays the amount specified in said draft, and in said account to A, it operates as an equitable assignment of the fund represented by said account to said bank, and upon nonpayment of said draft said bank can look to both the drawer and drawee of said draft for payment.    Leahy v. Ortiz, 12 Texas Ct. Rep., 392; Clark v. Gillespie, 70 Texas, 513; 1 Daniel on Neg. Inst., secs. 19-21; Colebrooke on Col. Sec., sec. 422; Winn v. Fort Worth & R. G. Ry. Co., 33 S. W. Rep., 593; Doty v. Caldwell, 38 S. W. Rep., 1025; Texas B. S. Co. v. National L. & S. Co., 54 S. W. Rep., 1059; Neely v. Grayson Co. Bank, 61 S. W. Rep., 559; 4 Cyc. 54; Beaumont Lumb. Co. v. Moore, 41 S. W. Rep., 180; Moore v. First Nat. Bank of Madison, 23 N. W. Rep., 800; Riker v. Curtis, 39 N. Y. Supp., 340; Raywood-Rice Canal & Milling Co. v. Langford, 74 S. W. Rep., 926; Galveston, etc., Ry. v. Ginther, 72 S. W. Rep., 166; Galveston, H. & S. A. Ry. v. Freeman, 57 Texas, 156; Goldman v. Blum, 58 Texas, 630; Harris County v. Campbell, 68 Texas, 22.

Would Early, Foster & Co. be a proper party to a suit by the bank against appellee to collect such damages?    We think our statute settles this proposition, and refer the court to articles 308, 309, 311, 312.    We think these articles show that when a chose in action is assigned the assignor is liable as well as the debtor.    See also, in support of this proposition, Thompson v. Payne, 21 Texas, 622.

If it be true that the account or statement attached to draft was for a larger amount than was actually owing by appellees to Early, Foster & Co., would that fact prevent said account from being a subject of assignment by draft drawn for such excessive amount with such account

attached? We have only been able to find one case in point, which is a New York case, namely, Brill v. Tuttle, 81 N. Y., 455.

*Taylor & Gallagher,* for appellee.—Appellee contends that an account or claim is not assigned to the payee of a negotiable draft by the sole fact that it is attached thereto, and that this particular claim was not so assigned for the following reasons: (a) The account actually attached was in form for goods sold and delivered, less an admitted credit, while the claim of Early, Foster & Co., if they had any, was for unliquidated damages for breach of an executory contract. McCamant v. Batsell, 59 Texas, 368; Adler v. Kiber, 27 S. W. Rep., 23; Leonard v. Porter, 4 Texas App. Civ. Cases, p. 82. (b) The claim of Early, Foster & Co. against the C. D. Hartnett Co., the drawer of the draft, was not a recognized definite debt, or fund in the hands of a party admitting an obligation to pay, nor a liquidated demand enforceable at law, so as to be subject to an equitable assignment. Kendall v. Kendall, 7 Wall., 113-118; Badgeron v. Manhattan Trust Co., 74 Fed. Rep., 925. (c) The said draft was not for the exact amount claimed, as shown by the pleadings and evidence, nor in general terms for the whole of the claim, but for a specific sum shown by both proceedings and evidence to be materially excessive. Pabst Brewing Co. v. Reeves, 42 Ill. App., 154; 2 Am. & Eng. Ency. Law, p. 1065 (note).

The drawing of a general check or draft on another does not authorize a suit thereon, nor on the original claim by the payee of the draft against the drawee, unless accepted. Gamer v. Thompson, 79 S. W. Rep., 1083; Terry v. Dale, 65 S. W. Rep., 396; House v. Kountze, 17 Texas Civ. App., 407; Whitney v. Eliott Nat. Bank, 50 Am. Rep., 316; Kimball v. Donald, 64 Am. Dec., 209; Lewis v. Lawrence, 14 N. W. Rep., 587; First Nat. Bank v. Dubuque S. W. Ry., 3 N. W. Rep., 395; Fourth St. Nat. Bank v. Yardley, 55 Fed. Rep., 850; 4th Cyc., p. 52 (B); 2 Am. & Eng. Ency. Law (2d ed.), 1063; 2 Am. & Eng. Encyc. Law (2d ed.), 1065, 1066.

The adjudicated cases all show that an express guaranty was considered necessary to make the assignor of an open account or claim for damages a proper party to a suit by the assignee to enforce the same. Cleveland v. Campbell, 38 S. W. Rep., 219; Bergstrom v. Bruns, 24 S. W. Rep., 1098; Taylor v. Sturgis, 68 S. W. Rep., 538; National Exch. Bank v. Foley, 66 S. W. Rep., 249; Leahy v. Ortiz, 12 Texas Ct. Rep., 392.

BROWN, ASSOCIATE JUSTICE.—Certified questions from the Court of Civil Appeals of the Third Supreme Judicial District. The statement and questions are as follows:

"The above-styled and numbered cause, pending in. this court, has been submitted, and is now under consideration by the court. The appellant, Provident National Bank, brought this suit against appellee and appellants, Early, Foster & Co., alleging in substance. as follows:. That on or about the 4th day of October, 1904, Early, Foster & Co., brokers at Waco, Texas, sold a carload of packery products to C. D. Hartnett Company, at Weatherford, Texas. Said carload of packery

products was duly shipped and billed to Early, Foster & Co., at Weatherford, Texas, for C. D. Hartnett Co., and C. D. Hartnett Co. refused to receive and pay for the same, after which Early, Foster & Co. proceeded to sell said carload of packery products on account of C. D. Hartnett Co., at Weatherford, Texas, and did sell the same to Webster, Hill & Baker. The contract price at which C. D. Hartnett Co. bought said carload of packery products was, in the aggregate, $4,332.75; the same was sold to Webster, Hill & Baker at $3,972.15, that being the highest market price obtainable therefor, leaving a difference chargeable to C. D. Hartnett Co., of $360.60; that on the 31st day of December, 1904, Early, Foster & Co. came to the appellant, the Provident National Bank, which was doing a banking business at Waco, Texas, and informed it that C. D. Hartnett Co., of Weatherford, Texas, was indebted to them in the sum of $360.60, and asked appellant to cash a draft for them on the said C. D. Hartnett Co., with an account attached, for said sum of $360.60, which appellant did, and accepted said draft with said account attached, and paid said Early, Foster & Co. the full amount of $360.60 therefor, whereby appellant became the assignee of the claim of said Early, Foster & Co against said Hartnett Co., and the owner and holder thereof; that immediately upon the execution of said draft, with said statement of account attached, appellant forwarded the same to a bank at Weatherford, Texas, for collection, and upon presentation of said draft to the C. D. Hartnett, Co., with the statement of account attached thereto, towit, on the 4th day of January, 1905, the C. D. Hartnett Co. refused to pay the same or any part thereof, whereupon the draft was duly protested according to law, and returned to appellant unpaid; that the cost of said protest was $3, which was paid by appellant bank, whereby and in consideration of the premises the defendants, the C. D. Hartnett Co. and Early, Foster & Co., are both indebted to the plaintiff in the said sum of $360.60, and the additional sum of $3 protest fees; that the defendant, the C. D. Hartnett Co., is liable as the payee of said draft and debtor of Early, Foster & Co., in the amount of said account, which was duly assigned, as aforesaid, to appellant, and defendant Early Foster & Co. are indebted by reason of being assignors of said indebtedness due them by the said C. D. Hartnett Co., and drawers of said draft; that said draft was drawn on a special specific fund, due by the C. D. Hartnett Co. to Early, Foster & Co. being the amount due by said account, and being the only amount owing by the said C. D. Hartnett Co. to Early, Foster & Co. Appellants' petition also sets out an itemized account as to quantity and price of the carload of packers' products alleged to have been sold by Early, Foster & Co. to appellee, being the same attached to said draft, showing the aggregate amount of the price at which same was sold to be the sum of $4,332.75 with a statement at the foot of said account, as follows:

'Less resale to Webster, Hill & Baker,'                    3,972.15

                                                            $  360.60

Appellant prayed for judgment against both appellee and appellant, Early, Foster & Co., for the amount of said draft and account, and protest fees, together with interest and costs of suit.

"The answer of appellee, insofar as same is pertinent to the question certified, is: A plea of privilege to be sued in the county of its residence, which plea negatives, by proper averments, all matters which would give the courts of McLennan County jurisdiction over it without its consent, except the residence of its codefendants in said county, and then averred that its said codefendants, Early, Foster & Co., were neither proper nor necessary parties to this suit against it; that if appellant's petition showed, or if appellant had any cause of action against said Early, Foster & Co., it was on a general draft drawn by them on this defendant company, and same had never been accepted by it; that if appellant had any cause of action against defendant company, which was not admitted, that the same was an action for damages for breach of alleged contract, and that said Early, Foster & Co. were neither necessary nor proper parties to such suit. Said plea further denies that Early, Foster & Co. had any account against appellee, but that Early, Foster & Co. had elected to treat the alleged and pretended executory contract as set out in appellants' petition as breached, and had elected to treat this appellee as liable in damage from breach of contract, and not on account for goods, wares and merchandise sold and delivered; that said two independent causes of action, one against Early, Foster & Co. on the draft alleged to have been drawn, and one against this defendant for said pretended account, or for damages for alleged breach of such pretended executory contract, were improperly and fraudulently joined for the purpose of attempting to defeat the plea of privilege of this defendant to be sued in the county of its domicile. Said plea further alleged that there was no special fund in its hands out of which said draft should be paid, and that it had repudiated and denied liability thereon at the time appellant acquired the draft, and that the same was known to appellant at that time.

"Appellants, Early, Foster & Co., answered in the court below, admitting liability to the bank, and set up the agreement between them and appellee for the sale of the carload of packery products, itemizing same in their pleadings, and alleged that the appellee agreed to pay $4,332.75 for said carload of packery products, and refused to receive and pay for the same when it arrived at Weatherford, Texas, and that they afterwards took charge of the same and proceeded to dispose of the same for the best market price at the time, and did dispose of the same to Webster, Hill & Baker, leaving a balance due on account of said purchase by appellee of $360.60; that appellant, Provident National Bank, accepted the draft and account attached from Early, Foster & Co., and paid them $360.60 therefor, and prayed that if judgment should be rendered against them, in favor of the bank, that they have judgment over against the appellee.

"There was a trial before a jury, and judgment in favor of the bank against Early, Foster & Co. for the amount sued for; and a verdict in favor of appellee on its plea of privilege to be sued in the county of its residence under a peremptory instruction of the court to so find.

"Appellants assign error upon the action of the court below in taking the case from the jury on the plea in abatement of appellee, C. D. Hartnett Co., and in charging peremptorily for said appellee in its said plea

of privilege to be sued in the county of its residence. Appellants' contention being that the draft, being for the amount of the account, and the account being attached to the draft, this, in connection with the delivery of same to the bank by Early, Foster & Co., with the intention of assigning the account to the bank, and the cashing of the draft by the bank constituted an assignment of said account to the bank; and that the legal effect of the transaction was to make appellee primarily liable to the bank for the amount of the account, and appellants, Early, Foster & Co., liable as guarantors of the payment of said account by appellee; and appellee, having failed to pay said account, Early, Foster & Co. were proper parties to a suit against appellee to enforce the payment of said account; and that, therefore, the suit was properly brought in McLennan County, the county of the residence of Early, Foster & Co.

"There is a miscalculation in the itemized account embraced in appellant bank's petition, and which account is alleged to have been attached to the draft drawn by Early, Foster & Co., on appellee, and cashed by the bank, making an excess in the amount of the account of $74.58; and there is uncontroverted testimony in the record showing that the amount of the balance shown by the account to be due by appellee to Early, Foster & Co., is greater than the actual difference between the contract price of the goods sold and the price at which they were resold. We find that there is sufficient testimony in the record, in connection with that offered by appellants, and which, in our opinion, was illegally excluded by the court below, tending to show the assignment of the account to the bank by Early, Foster & Co., to warrant the court below in submitting the issue raised by appellee's plea of privilege to be sued in the county of its residence to the jury for their determination, unless the affirmative of the first question certified is the law, or the negative of either proposition involved in the second question should be the law.

"We find that there is testimony tending to show that appellee contracted for the carload of packery products described in appellants' petition at the price alleged, and that said car was duly shipped and delivered at Weatherford for appellee, and that it refused to accept same, the same was sold at the highest market price obtainable, which was less than the contract price by the sum of about $285; and that the draft and account sued on herein were intended to be for the amount of the difference between the contract price of said carload of packery products and the price at which it was resold. And we also find that there is testimony tending to show that Early, Foster & Co. assigned their claim for damages against appellee for the breach of said contract to appellant bank.

"First Question. If it be true that the account or statement attached to the draft was for a larger amount than was actually owing by appellee to Early, Foster & Co., would that fact prevent said account from being the subject of assignment by a draft drawn for such excessive amount with such account attached?

"As tending to support the negative of the proposition involved in this question, we refer the court to Moore v. Bank of Madison, 23 N. W.

Rep., 800; and, as tending to support the affirmative of said proposition, we refer the court to Pabst Brewing Co. v. Reeves, 42 Ill. App., 154.

"Second Question. Could Early, Foster & Co. legally assign their claim for damages, for the breach of said contract by appellee, to appellant bank, by drawing a draft for the amount claimed as such damages in favor of the said bank, with a statement attached, showing the amount to be the same as in the draft, and delivering same to the bank, and the bank cashing said draft? If so, would Early, Foster & Co. be a proper party to a suit by the bank against appellee to collect such damages?

"This being an appeal from the County Court, the amount involved being less than $500, no writ of error would lie, and the question involved being of considerable importance to those interested in commercial pursuits, we feel justified in certifying the above questions."

We answer the second question first, as follows: By drawing the draft on their debtor, the C. D. Hartnett Co., for the full amount of the debt claimed by them, with the account attached, Early, Foster & Co. assigned to the Provident National Bank the said debt, and the bank had the right, upon protest of the draft, to hold the drawer of the draft and the debtor in the account responsible, so as to repay to it the sum advanced upon the draft. Moore v. First Nat. Bank, 23 N. W. Rep. (Mich.), 800; 1 Daniel Neg. Inst., sec. 21; Lawrence Nat. Bank v. Kowalsky, 105 Cal., 41; Wheatley v. Strobe, 73 Am. Dec., 522, 12 Cal. 92; Bank of Commerce v. Bogy, 44 Mo., 13, 100 Am. Dec., 247; Kahnweiler v. Anderson, 78 N. C., 136; McGahan Co. v. Lockett, 54 S. C., 364, 71 Am. St. Rep., 796.

In the case of Moore v. Bank, after stating the general rule that one who takes a draft from another, which is not paid by the drawee, has no one to rely upon except the drawer of the draft, Judge Cooley states a correct legal proposition, with a common sense business application of it, in the following language: "But if the draft is for the whole amount of a fund, the draft may, in connection with other circumstances, tend to show an intent that it should operate as an assignment. And where, as in this case, the draft is for the amount of an account, and the account is attached, the purpose to assign appears on the papers themselves, and they need no support from collateral circumstances. The payee, then, in taking the draft, has a right to understand that, in addition to the responsibility of the drawer, he has such security for payment as may be supplied by the account, and that he may collect the account for the satisfaction of the draft. The drawer, by the papers, in effect, says to the drawee, 'this is my bill against you, which I have sold to the payee by this draft, and you are requested to make payment of it to him.' This is what a business man would have a right to understand from them. The draft, with the bill thus attached, is not an ordinary bill of exchange, but it is an order that the debtor shall pay the amount of his debt to the persons to whom it is delivered." We can not add force to this language. It so clearly and forcibly expresses the law that argument would be superfluous.

The price at which the goods were sold to the Hartnett Co. was cer-

tain, and, indeed, undisputed as to the amount, and the amount received on resale of the goods was equally certain; hence the claim, that is, the difference between the two sums, is certain, and there is nothing in the suggestion that this is an action for damages. Such a claim is clearly assignable.

Early, Foster & Co. were proper parties to this suit. Article 1203 of our Revised Statutes provides: "The acceptor of any bill of exchange, or any other principal obligor in any contract, may be sued either alone or jointly with any other party who may be liable thereon." The liability need not be joint; it is only required that the liability should relate to the same contract. Article 1204 contains this language: "The assignor, indorser, guarantor and surety upon any contract, and the drawer of any bill which has been accepted, may be sued without the necessity of previously or at the same time suing the maker, acceptor or other principal obligor, when he resides beyond the limits of the State." Article 1203 permits the joining of the guarantor with the principal debtor, and 1204 requires that the principal be joined where the guarantor is sued. The two provisions taken together prescribe the rule of this State. Turner v. Brooks, 21 S. W. Rep., 404; Bergstrom v. Bruns, 24 S. W. Rep., 1098; Cleveland v. Campbell, 38 S. W. Rep., 218.

To the first question we reply that the draft in this case, being for an amount equal to or greater than the sum due from the Hartnett Co. to Early, Foster & Co., the bank, by the transfer effected by the draft and the agreement of the parties, took against the Hartnett Co. whatever amount was actually due from that company to the drawer of the draft. The greater sum included the less. If the draft had been for less than the whole amount of the debt due from the Hartnett Co. to Early, Foster & Co., and the draft had not been accepted, there would have been no transfer of any portion of the account, because the creditor could not, without the consent of the debtor, split up his claim and give to another a right of action against the debtor for a part of that debt.