PROVIDENT NATIONAL BANK ET AL. v. C. D. HARTNETT & COMPANY.

Decided February 13, 1907.

**1.—Draft—Account—Assignment—Joinder of Parties—Plea of Privilege.**

A creditor attached to a draft against his debtor his account for the amount of the draft, being for the price of a carload of merchandise ordered and refused on arrival, less the sum brought thereby on resale, but by miscalculation the amount was for more than the real difference due. A bank, having cashed the draft, which the debtor refused to accept, sued both him and the drawer in the county of the latter's residence. Held (1), that the account was assignable; (2) that the draft, being for the full amount of the account due, or more, and having the account attached, operated as an assignment of the claim to the bank; (3) that the drawer and drawee were properly joined as defendants in the suit by the bank; (4) that the drawee's plea of privilege to be sued in the county of his residence could not be sustained. Following rulings of Supreme Court herein on certified questions, 100 Texas, 214.

2.—Evidence—Intention.

The unexpressed intention of the drawer that the draft should operate as an assignment of the debt was not admissible in evidence.

Appeal from the County Court of McLennan County. Tried below before Hon. J. W. Baker.

*J. W. Davis,* for appellants.—The intention of the parties is involved on an issue as to whether or not the draft was an assignment of any fund in the hands of the drawer, and such intention can be established along with other evidence by evidence of the parties to the draft. Wade v. Odle, 54 S. W. Rep., 786; Robertson v. Gourley, 84 Texas, 575; Hamburg v. Wood, 66 Texas, 176; Sweeney v. Conley, 71 Texas, 545.

*Taylor & Gallagher,* for appellees.—The court did not err in refusing to permit the witness, Foster, to testify to his intent in attaching the account to the draft and cashing the same because such testimony involved a legal conclusion and because it was not attempted to be shown that the same was known to or participated in by appellant bank, and because the character of the transaction must be determined by what was said and done at the time, and not by the secret intention of only one of the parties. Miller v. Jannett, 63 Texas, 86; Lewis v. Lawrence, 14 N. W. Rep., 587.

EIDSON, ASSOCIATE JUSTICE.—This is an action brought by the Provident National Bank of Waco in the court below against appellee and Early, Foster & Co., upon a draft drawn, with statement of account attached, by Early Foster & Co. against appellee, the draft being for the sum of $360.60, and the statement of account attached thereto showing appellee to be indebted to the said Early, Foster & Co. in the amount of the draft.

Appellee pleaded its privilege to be sued in the county of its residence, which was Parker County. Early, Foster & Co. pleaded that appellee was indebted to them in the amount of the draft and account, and that they had assigned said account to appellant bank, and prayed that in the event the bank should recover judgment against them, that they should have judgment against appellee for the amount of such judgment. There was a trial before a jury and verdict and judgment rendered and entered in favor of the plaintiff against Early, Foster & Co. in the amount sued for, and, under a peremptory instruction so to do, the jury returned a verdict in favor of appellee on its plea of privilege to be sued in the county of its residence, and judgment entered accordingly. The bank and Early, Foster & Co. have appealed the case to this court.

The principal question presented for our determination in this case is whether or not Early, Foster & Company were proper parties to this suit. Entertaining doubt as to the proper solution of this question, we certified it to the Supreme Court for decision, and that court held that Early, Foster & Co. were proper parties to this suit. (Provident Nat. Bank v. Hartnett Co., 100 Texas, 214.) Hence the court below erred in instructing the jury to find in favor of appellee on its plea of privilege.

The trial court also erred in not admitting in evidence the draft drawn by Early, Foster & Co. upon the appellee in favor of appellant bank and the statement of account attached to said draft. As held by the Supreme Court, by drawing the draft on their debtor, the C. D. Hartnett Co., for the full amount of the debt claimed by them with the account attached, Early, Foster & Co. assigned to the Provident National Bank the said debt; and the bank had the right, upon protest of the draft, to hold the drawer of the draft and the debtor in the account responsible so as to repay to it the sum advanced upon the draft.

We do not think the unexpressed intention of the witness Foster at the time that the draft was presented to the bank and paid, was competent evidence in this case, and the exclusion of the testimony of said witness as to such intention was not error. The drawing of the draft with the account attached in favor of the bank and its payment by the bank, constituted the assignment of the claim independent of the unexpressed intention of the assignor.

The special charge, refusal to give which is complained of in appellant's fifth assignment of error, does not correctly state the law applicable to the question to which it relates. After the introduction in evidence of the draft, with the account attached, and proof of its payment by the bank and nonpayment by the drawee, the trial court would be authorized to peremptorily instruct the jury to find against the Hartnett Company on its plea of privilege. It follows from what has been said above that the trial court erred in holding as matter of law that it had no jurisdiction of the Hartnett Company, and also in not permitting the witness C. D. Hartnett to be asked questions relating to the merits of the case.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*