JOHN VAUGHN ET AL. v. FARMERS & MERCHANTS NATIONAL BANK, ALVORD, TEXAS.

Decided February 26, 1910.

1.—Venue—Dishonored Draft—Plea of Privilege.

L. drew two drafts for different amounts upon two parties and endorsed and deposited them in a bank for collection; the bank at once placed the amount of the drafts to L.'s credit; payment of the drafts was refused; L. and the drawees resided in different counties; the bank filed suit in the county of L.'s residence against L. as endorser and guarantor and against the other parties as drawees; upon a plea of privilege by the drawees to be sued in the county of their residence on the ground that the endorsement and guaranty of L. was a simulated liability for the purpose of giving venue in the county in which the suit was brought, evidence considered and held sufficient to sustain the action of the court in overruling the plea of privilege.

**2.—Same.**

A secret purpose on the part of the drawer of a draft to place the venue in his own county in the event the drawee refused to pay, would not affect the statutory right of venue in favor of one who cashed the draft, provided he acted in good faith; nor would such right be defeated by the mere fact that the party who cashed the draft charged it back on his books against the drawer, when this was done without the consent of the drawer when the drawee refused to pay.

**3.—Contract—Sale of Land—Breach—Measure of Damages.**

Where a vendor in a contract to convey land has no title at the time the contract is made, the purchaser, upon the breach of the contract, is not entitled to recover the difference between the contract price and the market value of the land, but can only recover the amount of the purchase money paid with interest from the date of payment, together with such special damage, if any, as may have been incurred by reason of having been induced to enter into the contract; if he has not paid the purchase money, then he is confined to his special damages alone, which must be alleged and proved.

**4.—Banks and Banking—Draft—Endorsement in Blank.**

It is held in this State that a check drawn upon a bank by a depositor amounts to an equitable assignment of so much of the fund in favor of the drawee as is necessary to pay it; and by the law merchant an endorsement of a check in bank for collection, when passed to the credit of the drawee and drawn against by him, amounts to a transfer of the legal title to the fund against which the check is drawn.

Appeal from the District Court of Wise County.   Tried below before Hon. J. W. Patterson.

*Randolph & Randolph,* for appellants.

*R. E. Carswell,* for appellee.

CONNER, CHIEF JUSTICE.—This suit was instituted by appellee against John Vaughn and the First National Bank of Plainview, residents of Hale County, and against W. J. Leach, a resident of Wise County, to recover upon two certain drafts or bills of exchange drawn by said W. J. Leach, one, for the sum of five hundred dollars, upon John Vaughn and the First National Bank, and the other for the sum of nine hundred and sixty dollars, drawn upon John Vaughn alone.   Appellee sued Leach as the guarantor of the checks, and the others as the respective drawees.   The checks were accompanied by brief statements of the accounts upon which they were based, from which it appears that the sum of five hundred dollars had been deposited by Leach in the First National Bank of Plainview, upon a contract made by Vaughn, to convey a certain tract of land, which contract it was averred Vaughn had breached.   The draft for nine hundred and sixty dollars upon Vaughn was predicated upon the same alleged breach of contract, and was asserted to be for the amount of the difference between the contract price and the value of the land at the date of the breach, and claimed as damages.

The defendants, Vaughn and the First National Bank, answered by a plea of privilege, to be sued in the county of their residence, specially averring that the alleged guaranty of Leach was simulated

and made for the sole purpose of acquiring jurisdiction over their persons in Wise County. These defendants also pleaded the general denial, and specially that the defendant Vaughn had signed the contract for the sale of land to Leach, not as principal, but as the agent of one H. Rabb, which was known to the defendant Leach, and that Leach had failed and refused to carry out the contract for the sale of the land, and that Vaughn was entitled to recover the five hundred dollars sued for, as forfeit.

The trial was before the court without a jury, and after hearing the evidence, the court overruled the plea of privilege and rendered judgment in favor of the plaintiff, against John Vaughn and the First National Bank, and W. J. Leach, as guarantor, for five hundred dollars, with interest; and against John Vaughn, and W. J. Leach as guarantor, for three hundred and twenty-four dollars; and against the defendant Leach, for the sum of one thousand four hundred and seventy-five dollars, the amount of the two checks, with interest, to which judgment the defendants Vaughn and the First National Bank excepted, and have duly prosecuted this appeal.

But two questions substantially have been presented for our consideration. It is insisted first that the evidence fails to support the court's judgment upon appellants' plea of privilege, but we feel unable to so say. The evidence in behalf of appellee is to the effect that Leach drew the drafts, deposited them for collection with the appellee bank, which at once placed the amount to Leach's credit on the bank books, and all parties deny that the transaction was simulated, or that at the time, anything was said by the bank officials or Leach, indicating that the purpose of the endorsement of the drafts by Leach was to acquire jurisdiction over appellants. "A bill of exchange is a written order or request by one person to another for the payment of a specified sum of money to a third person absolutely and at all events." See 1 Words & Phrases, page 784, and authorities cited by the author. The drafts, therefore, drawn by Leach, were bills of exchange within the meaning of the definition quoted, and Leach became liable thereon to the appellee bank by the express terms of our statute which provides that: "The drawer of any bill of exchange which shall not be accepted when presented for acceptance, shall be immediately liable for payment thereof; and the holder of such bill may secure and fix liability of any indorser thereof by instituting suit against such drawer, within the time and in the manner prescribed by this title." Revised Statutes, article 306. Moreover, it has been held in our State that a check drawn upon a bank by a depositor, amounts to an equitable assignment of so much of the fund in favor of the drawee as is necessary to pay it. See Doty v. Caldwell, 38 S. W., 1025. So too, by the law merchant, an endorsement of a check in blank for collection, when passed to the credit of the drawee, and drawn against by him, amounts to a transfer of the legal title to the fund against which the check is drawn. See 1 Daniels on Negotiable Instruments, sec. 340b; 5 Cyc. page 494, et seq. If then the appellee bank, upon the deposit and endorsement of Leach, of the checks mentioned, had cause of action against Leach upon the non-payment and protest of the drafts, as shown in the evidence,

appellee could sue Leach in Wise County, and join appellants in the suit (see Rev. Stats. art. 1194, paragraph 4, *et* Leahy v. Ortiz, 38 Texas Civ. App. 314 (85 S. W., 824) ; Provident National Bank v. Hartnett, 100 Texas, 214,) unless indeed the transaction was a simulated one, and the evidence is not conclusive against the court's finding of this issue. It is undisputed that upon the deposit of the checks, the appellee bank placed the aggregate amount thereof to Leach's credit, and that he thereafter drew against the fund, which was treated both by him and the bank as his own. There is nothing in the evidence that requires the conclusions on our part that the bank, at the time the checks were accepted and forwarded for collection, acted outside the scope of its ordinary undertakings, or with the ulterior purpose of fraudulently acquiring jurisdiction. So far as the evidence discloses, nothing was said at the time save that the cashier asked Leach if he knew that his endorsement made him liable thereon. Leach replied that he did, thus indicating in fact that the bank was accepting the checks and transferring the amount thereof to Leach's credit upon the faith that Leach was liable, Leach being, as the cashier testified, considered solvent and responsible therefor. If the bank, or its officers at the time, acted in good faith, its right of recovery against Leach can not be denied on the ground that Leach himself may have had an undisclosed purpose of conferring jurisdiction upon the District Court of Wise County, in event a contest arose over the matter.

Nor do we think such right of action was defeated by the mere fact, shown in this case, that upon the nonpayment of the checks upon presentation, they were charged back to Leach, upon the books of the appellee bank. Leach testified that this was done without his authority, and at most it was but a circumstance upon the issue of fraud to be considered, together with all other circumstances, by the court trying the cause. We conclude that, on the whole, we are unable to disturb the court's ruling on the plea of privilege.

Appellants' contention upon the second question presented, we think, must be sustained. The evidence shows that on the 25th day of August, 1908, John Vaughn, as party of the first part, contracted with W. J. Leach, as party of the second part, to "convey" or "cause to be conveyed" three hundred and twenty acres of land situated in Hale County, owned by the H. Rabb hereinbefore mentioned, who was a nonresident; that upon the completion of the contract, Leach deposited the sum of five hundred dollars in the appellant bank at Plainview, to constitute part payment for the land, in event the contract was complied with on Vaughn's part, or in event of a breach thereof on Leach's part, to be forfeited. The evidence further shows that Leach knew at the time of the execution of this contract, that Rabb was the owner of the land, and that later Rabb and Leach failed to agree upon whether Rabb's proffered conveyances were sufficient, each party claiming compliance with his part of the contract. It is also undisputed that the check for nine hundred and sixty dollars, drawn by Leach upon appellant Vaughn, was for the alleged value of the land in excess of its contract price. This, in no event, could constitute the proper measure of damages. Vaughn's individual li-

ability for the breach of the contract established by the judgment is not questioned by any proposition presented by appellants, and hence, conceding such liability, he is at most but a vendor without title, and the rule is well settled, that where a vendor in a contract to convey land did not have title at the time the contract was made, the purchaser upon the breach of the contract is not entitled to recover the difference between the contract price and the market value of the land, but can only recover the amount of the purchase money paid upon the contract with interest from the date of payment, together with such special damages, if any, as may have been incurred by reason of having been induced to enter into the contract. If he has not paid the purchase money, then he is confined to his special damages alone, which must be alleged and proved. See Clifton v. Charles, 53 Texas Civ. App., 448, (116 S. W., 120,) and authorities therein cited. The check held by the appellee bank was subject to all defenses that could be urged against the drawer Leach. No special damage within the meaning of the rule was alleged to have been done Leach, because of the breach of the contract, so that the appellee bank, as against the appellant Vaughn, was entitled to recover only the five hundred dollars purchase money paid by Leach, that was awarded below, with interest, and was not entitled to recover the three hundred and twenty-four dollars evidently awarded upon the nine hundred and sixty dollar draft.

We therefore conclude that the judgment should be affirmed in so far as appellee was awarded judgment for five hundred dollars with interest against appellants John Vaughn and the First National Bank of Plainview, and against Leach, as guarantor for both drafts, in the sum of one thousand four hundred and seventy-five dollars, but the judgment against appellant John Vaughn for the further sum of three hundred and twenty-four dollars, is reversed and here rendered in his favor, and the costs of appeal to be taxed against appellee.

*Affirmed in part and reversed and rendered in part.*

Mr. Justice Speer disqualified and not sitting.

Writ of error refused.