PEACOCK v. FIRST STATE BANK OF GARRISON et al.

(Court of Civil Appeals of Texas. Galveston. Jan. 18, 1913.)

VENUE (§ 22*) — CHANGE OF VENUE—CO-DEFENDANTS.

G., who resided in precinct 6 of N. county, having a claim against defendant P., transferred the same to plaintiff bank by means of a draft drawn on P., to which a statement of the account was attached. Payment being refused, the draft was protested, and the bank brought suit against G. and P. jointly in the precinct of G.'s residence. Held, that, the debt having been assigned in good faith, P. was not entitled to the sustaining of a plea of privilege to be sued in B. county, where he resided, notwithstanding it was G.'s motive in assigning the claim to enable the bank to sue in N. county.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

Appeal from Nacogdoches County Court; F. P. Marshall, Judge.

Action by the First State Bank of Garrison and others against Wesley Peacock and another. Judgment for plaintiffs, and defendant Peacock appeals. Affirmed.

Ingraham & Hodges, of Nacogdoches, for appellant.

REESE, J. W. Y. Garrison claimed that Wesley Peacock owed him $116.66 on open account. Garrison made out the account and attached it to a draft, which he drew on Peacock for that amount, in favor of the First State Bank of Garrison, and also transferred to it the account for $116.66. The bank paid Garrison the full amount, and sent the draft to San Antonio, where Peacock lived, for collection. Payment was refused and the draft protested; whereupon the bank brought suit in justice's court of precinct No. 6, Nacogdoches county, on the draft against Peacock and W. Y. Garrison jointly. Peacock's residence was Bexar county. Garrison was a resident of said precinct No. 6, Nacogdoches county. Peacock presented his plea of privilege, in proper form, to be sued in the precinct and county of his residence, which was overruled, and judgment was rendered in favor of the bank against Peacock and Garrison jointly for $100, and against Garrison, in addition, for $16.66. Garrison recovered a judgment over against Peacock for so much of the $100 as he might be compelled to pay. From this judgment, Peacock appealed to the county court of Nacogdoches county, where he renewed his plea of privilege, which was again overruled, after evidence heard, and judgment rendered against Peacock and Garrison jointly for $70.37, and against Garrison alone for $49.70, which included protest fee on the draft, with judgment in favor of Garrison over against Peacock for $70.37. The judgment was in accordance with appropriate pleadings on the part of the bank and Garrison. It was shown that Peacock was a resident of Bexar county. The other parties resided in Nacogdoches county. From this judgment, the defendant prosecutes this appeal.

The only question presented by the several assignments of error is whether the court erred in overruling Peacock's plea of privilege to be sued in the county of his residence. The case presented is in all material particulars on all fours with that of Provident National Bank v. Hardnett, decided by the Court of Civil Appeals of the Third district, after certified questions upon the point here presented had been answered by the Supreme Court. The opinion of the Supreme Court is reported in 100 Tex. 214, 97 S. W. 689. The opinion of the Court of Civil Appeals in 45 Tex. Civ. App. 273, 100 S. W. 1024. In that case Early, Foster & Co., who claimed an indebtedness on open account against the C. D. Hardnett Company, drew a draft on Hardnett Company in favor of the Provident Bank for the amount claimed, and attached thereto a statement of the account. The bank paid Early, Foster & Co. the amount. Hardnett Company lived at Weatherford; the other parties at Waco. The draft not being paid, the bank brought suit in the county court of McLennan county against Early, Foster & Co. and the C. D. Hardnett Company for the amount of the draft and account. Hardnett Company filed their plea of privilege to be sued in the county of their residence. It was held by the Supreme Court that the transaction amounted to an assignment of the account, and that it was proper for the bank to join Early, Foster & Co. with Hardnett Company in a suit to recover the same. Necessarily it follows that the suit was properly brought in the county of the residence of Early, Foster & Co. The opinion of the Supreme Court settles this case. We can see no ground upon which it can be distinguished.

If there was a real assignment of the debt, as was shown, it does not matter that Garrison's motive was to enable the bank to sue thereon in Nacogdoches county. Kenedy Town & Imp. Co. v. First National Bank, 136 S. W. 561; Brooks v. Bonner, 149 S. W. 567.

The judgment is affirmed.