FIRST NAT. BANK OF COLEMAN v. MARTIN & CO. et al.

(Court of Civil Appeals of Texas. Austin. Dec. 24, 1914. Rehearing Denied Jan. 28, 1914.)

1. ACTION (§ 27*)—TORT OR ASSUMPSIT.

Where defendants converted cotton which had been shipped to them for storage, and an action was brought wherein it was attempted to charge them with the highest price of the cotton during the season of the conversion, the action sounds in tort and not in assumpsit.

[Ed. Note.—For other cases, see Action, Cent. Dig. §§ 160–195; Dec. Dig. § 27.*]

2. VENUE (§ 22*)—EFFECT OF ASSIGNMENTS.

Where defendants converted cotton belonging to their codefendants, who drew a sight draft upon them for the highest price of the cotton during the season of the conversion, the sale of the draft to a bank with a statement of the facts of the transaction does not operate as a transfer and guarantee of the payment of the indebtedness, subjecting the drawer and payee to suit by the purchaser in the county of the former's residence, and hence defendants do not lose their privilege to be sued in the county of their residence.

[Ed. Note.—For other cases, see Venue, Cent. Dig. §§ 35–37; Dec. Dig. § 22.*]

Appeal from District Court, Coleman County; John W. Goodwin, Judge.

Action by the First National Bank of Coleman against T. W. Martin and J. N. Grainger, copartners, composing the firm of Martin & Co., and S. L. Gohlman and J. E. Lester, copartners, composing the firm of Gohlman, Lester & Co. From a judgment sustaining the last-named defendants' plea of privilege, plaintiff appeals. Affirmed.

This suit was brought by appellant against T. W. Martin and J. N. Grainger, composing the firm of Martin & Co., residents of Coleman county, and against S. L. Gohlman and J. E. Lester, composing the firm of Gohlman, Lester & Co., residents of Harris county, alleging that Martin & Co. during 1912 had forwarded to Gohlman, Lester & Co. two shipments of cotton, the first containing 99 and the last 144 bales, of the aggregate weight of 117,331 pounds, of the value of 10 $5/16$ cents per pound, to be held by them for sale, which Gohlman, Lester & Co. had, without their consent, wrongfully sold and converted to their own use and benefit; that by reason thereof said Gohlman, Lester & Co. became indebted to Martin & Co. for the highest market price of said cotton during the season of 1912, which was the sum of 10 $5/16$ cents per pound, aggregating $12,103.62, less an indebtedness due from Martin & Co. to them of $9,059.11, leaving a balance due from Gohlman, Lester & Co. to Martin & Co. of $3,045.51. Second. That thereafter, on March 15, 1913, Martin & Co. executed and delivered to appellant the following draft:

"Coleman, Texas, March 15, 1913.

"On demand pay to the order of the First National Bank of Coleman, Texas, three

thousand and forty-five and $^{51}/_{100}$ ($3045.51) dollars as per statement attached, same being a full settlement of all claims of Martin & Company against Gohlman, Lester & Company, by reason of the sale or conversion of 144 bales of cotton and the 99 bales of cotton mentioned in attached account and statement. [Signed] Martin & Co. "To Gohlman, Lester & Co., Houston, Tex."

Attached thereto was the following statement: "Gohlman, Lester & Co. of Houston, Tex. Debtors, to Martin & Co. of Coleman, Tex. For the value of 144 bales of cotton, weighing 70,886 pounds, shipped by the said Martin & Co. to the said Gohlman, Lester & Co. and received by them prior to June 10, 1912, and sold by the said Gohlman, Lester & Co. on or about June 10, 1912, without the authority or consent of Martin & Co., and converted to the use and benefit of the said Gohlman, Lester & Co. on or about said June 10, 1912. Also the value of 99 bales of cotton weighing 46,445 pounds shipped by the said Martin & Co. to the said Gohlman, Lester & Co., and received by them prior to May 16, 1912, and sold by the said Gohlman, Lester & Co. on or about May 16, 1912, without the authority or consent of Martin & Co., and converted to the use and benefit of the said Gohlman, Lester & Co., aggregating 117,331 pounds, the said Gohlman, Lester & Co. being indebted to Martin & Co. because of said wrongful sale and said conversion of said property in the sum of 10 $^{5}/_{10}$ cents per pound, the highest market price prevailed during July, 1912, aggregating the sum of $12,103.62, less an indebtedness due from Martin & Co. to said Gohlman, Lester & Co. in the sum of $9,059.11, making balance due from Gohlman, Lester & Co. to Martin & Co. in the sum of $3,045.51."

Appellant further alleged that it became the purchaser of said draft by paying Martin & Co. therefor the sum of $3,045.51; that it caused said draft to be duly presented to Gohlman, Lester & Co. and they refused to pay the same, whereupon it demanded payment of Martin & Co. thereof, which was refused, by reason of which it was alleged that Martin & Co. became liable and bound to pay plaintiff the full amount of said draft, with interest thereon; and by reason of the purchase thereof it became the owner and holder of all claims of Martin & Co. against said Gohlman, Lester & Co. on account of the conversion by them of said cotton, as per said statement, as well as of all the indebtedness due from them to said Martin & Co. growing out of said transaction, and that Gohlman, Lester & Co. thereby became indebted to it in said sum of $3,045.51, and prayed judgment therefor against both of said firms.

Defendants Martin & Co. answered by cross-action, reiterating and admitting the facts set up by appellant, and prayed for judgment against Gohlman, Lester & Co. for the amount claimed in said statement, and that the same be applied in payment of the draft drawn by them on said firm. Appellees Gohlman, Lester & Co. answered by plea of privilege, and in connection therewith urged that they were improperly joined as defendants, because the pleadings of appellant, as well as the cross-bill of Martin & Co., showed that the cause of action asserted against them grew out of a tort committed in Harris county.

It was shown that Gohlman, Lester & Co. resided in Harris county, and that Martin & Co., prior to this transaction, were indebted to appellant by note in a sum in excess of the amount of said draft; that said draft was drawn by them, and delivered to appellant, who gave them a credit on their note for the amount thereof, and forwarded said draft in due course to Houston for collection. That, upon presentation to Gohlman, Lester & Co., payment thereof was refused, and that Martin & Co. had likewise failed to pay the same or any part thereof. It was not shown that there was any parol or written transfer of said account from Martin & Co. to the bank, nor any guaranty by them of its payment.

At the conclusion of the evidence, the court peremptorily instructed a verdict on said plea of privilege in behalf of appellees Gohlman, Lester & Co. and verdict and judgment were rendered in accordance therewith, and the venue of the case changed to Harris county, from which judgment this appeal is prosecuted.

Woodward & Baker, of Coleman, for appellant. Snodgrass, Dibrell & Snodgrass, of Coleman, for appellees Martin & Co. Andrews, Ball & Streetman, of Houston, for other appellees.

RICE, J. (after stating the facts as above). Appellant urges that the court erred in peremptorily instructing a verdict in favor of appellees on their plea of privilege, and insists that the evidence showed that it was a bona fide purchaser for value of the draft sued upon, and the cause of action held by Martin & Co. against the defendants Gohlman, Lester & Co., and that Martin & Co. were residents of Coleman county at the time of the institution of this suit; for which reason they assert said suit was properly brought against all of the defendants in said county. It is contended by appellees Gohlman, Lester & Co., however, that this suit cannot be maintained against them in Coleman county, for the reason that the transaction out of which it is alleged to have arisen was a tort, and that plaintiff's claim is one sounding in damages for tort, and that therefore they were improperly joined as parties defendant with Martin & Co. But appellant, while denying that this is a suit based upon tort, insists that, even if it were, it had the right to waive the tort and bring its suit for the value of said cotton, which it claims it did,

and that hence the rule invoked against it does not apply.

[1] We think it is clear in this case that the cause of action is based upon a tort, as shown by the pleadings. The suit was not brought to recover the proceeds of the cotton alleged to have been converted, nor was it brought for the value thereof at the time of its alleged conversion; but it was brought to recover the highest value of the cotton during the cotton season of 1912, which may have been greatly in excess of the proceeds realized from its sale, or in excess of its actual value at the time of the alleged conversion, thereby making it a suit for damages, the amount of which was wholly and entirely uncertain; so that appellant did not waive the tort, but, on the contrary, relied upon it for a recovery. See Gould v. Baker, 12 Tex. Civ. App. 669, 35 S. W. 708, wherein, quoting from Elwell v. Martin, 32 Vt. 217, it is said: "Where property has been tortiously taken and converted into money, the plaintiff may sue in tort, or he may waive the tort and sue in assumpsit. When it is said that he waives the tort, it is not meant that he does any act or makes any averment in his declaration to that effect. He simply brings assumpsit instead of trespass or trover, and thereby foregoes the advantage he would have if he sued tortwise to claim higher or exemplary damages, and to proceed against the person of the defendant."

[2] So that, if the cause of action is one sounding in damages for a tort, and the plaintiff has seen proper to sue upon the tort, as we think in this case it has done, then the question arises, admitting that the cause of action based thereon is the subject of assignment (see Ry. Co. v. Freeman, 57 Tex. 156), as to whether or not such claim was assigned and its payment guaranteed by Martin & Co. in such manner as to render appellees Gohlman, Lester & Co., liable to be sued thereon as joint defendants with Martin & Co. in a county other than their residence as against their plea of privilege.

It is true that in Provident Nat'l Bank v. Hartnett Co., 100 Tex. 214, 97 S. W. 689, it was held that the mere drawing and sale of a draft to a bank, with a statement thereto attached showing an indebtedness upon a contract, would operate as a transfer and guaranty of the payment of such indebtedness, subjecting the drawer and payee thereof to suit by the purchaser in the county of the former's residence; but we do not think it follows that it ought to be held that, where the suit is based upon a tort, or is one for unliquidated damages, this rule would obtain, because it does not fall within the reason of the rule as announced in the case above cited. Indeed, it seems to be intimated in that case that such would not be the rule where the cause of action was, as here, for unliquidated damages. The transaction under consideration in the case above referred to was one frequently and commonly occurring in com

mercial dealings, and seems to be based upon this idea. In the present case, there was no transfer or guaranty of said claim for damages, unless it arose out of the transaction itself.

In two of the cases referred to by appellant to support its contention, to wit, Kenedy Town & Development Co. v. First Natl. Bank, 136 S. W. 558, and Leahy v. Ortiz et al., 38 Tex. Civ. App. 314, 85 S. W. 824, there were not only transfers of the account so assigned, but written guaranties thereof as well. And in the case of Vaughn v. Farmers' & Merchants' Nat'l Bank of Alvord et al., 126 S. W. 690, the transaction is not fully stated, so that it cannot be determined whether or not there was a written transfer and guaranty therein of the claim. So far as we are advised, the exact question here presented is an open one, never having been passed upon by our courts; but we think, in the absence of an express guaranty of payment of the account in the present case, that none existed, and that therefore there was no privity between the defendants Martin & Co. and Gohlman, Lester & Co., for which reason we think that they were not liable on the alleged guaranty, and therefore Gohlman, Lester & Co.'s plea of privilege was properly sustained.

The other assignments in appellant's brief have been fully considered by us, but are not deemed well taken, and hence are overruled.

Finding no error in the record, the judgment of the court below is affirmed.

Affirmed.