CROWELL INDEPENDENT SCHOOL
DIST. v. FIRST NAT. BANK OF
BENJAMIN. (No. 8075.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 16, 1915. Rehearing Denied Feb. 27, 1915.)

1. VENUE ☞34—PLEA OF PRIVILEGE—WHAT LAW GOVERNS—INSTITUTION OF SUIT.

Where suit was instituted January 15, 1913, and a plea of privilege to be tried in another county filed February 18, 1913, and where the judgment rendered thereafter was reversed and remanded, and another plea of privilege filed on February 17, 1914, the date of "institution of suit" was the date when the petition was filed, though it was held insufficient for failure to state a cause of action, and an amended petition was filed subsequent to July 1, 1913; and hence the merits of the plea of privilege were to be determined under the statute existing before July 1, 1913, which authorized the bringing of suit in any county where any one of the defendants resided, rather than under Act July 1, 1913 (Acts 33d Leg. c. 177; Vernon's Sayles' Ann. Civ. St. 1914, art. 1830), providing that the transfer of a note or chose in action shall not give any subsequent holder the right to sue in any county other than that in which the suit could have been prosecuted, if no transfer had been made.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 52; Dec. Dig. ☞34.]

2. SCHOOLS AND SCHOOL DISTRICTS ☞114—ACTION AGAINST—VENUE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2822, providing that school district trustees shall constitute a body corporate, which may sue and be sued in any court of proper ju-

risdiction, a school district may be sued in other courts than those of its domicile, under circumstances authorizing defendants in general to be thus sued.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. § 271; Dec. Dig. ☞114.]

3. VENUE ☞68—PLEA OF PRIVILEGE—SUFFICIENCY OF EVIDENCE.

Evidence in a bank's action on a draft drawn by contractors on the trustees of a school district, wherein it was contended, in support of the defendant school district's plea of privilege to be tried in another county, that the transfer to the bank was a mere hypothecation of the claim as collateral, held to sustain a finding adverse to the plea of privilege.

[Ed. Note.—For other cases, see Venue, Cent. Dig. § 121; Dec. Dig. ☞68.]

4. TRIAL ☞85—EVIDENCE—OBJECTION—SUFFICIENCY.

Error cannot be predicated on objections addressed to the admission in evidence of two instruments, and not separately to the admission of one, where it appears that one instrument was admissible, though the other was not.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 222, 223–225; Dec. Dig. ☞85.]

5. CONTRACTS ☞322—BUILDING CONTRACT—ACTION FOR BALANCE DUE — EVIDENCE — ARCHITECT'S FINAL ESTIMATE.

Where, in a bank's action on a draft drawn by contractors on the trustees of a school district for a balance due the contractors for erecting a schoolhouse, it appeared that the building contract made the architect the arbiter of the amounts due as the work proceeded, the architect's final estimate of the amount due was properly admitted in evidence.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1306, 1307, 1339, 1347, 1348, 1465, 1492, 1534–1542, 1754, 1768, 1772, 1801, 1802, 1804–1808, 1815, 1816; Dec. Dig. ☞322.]

6. BILLS AND NOTES ☞503 — ACTION ON DRAFT—CONSIDERATION—EVIDENCE.

In such action, the deposit slip given to the contractors, when they delivered the draft to the bank, was admissible to show that a consideration was paid for the draft, and that the transaction was a bona fide transfer of the contractors' claim.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1733–1739; Dec. Dig. ☞503.]

7. BILLS AND NOTES ☞460 — ACTION ON DRAFT—JOINDER OF PARTIES—INDORSERS.

In a bank's action on a draft drawn by building contractors, on trustees of a school district, for the balance due for erecting a schoolhouse, the contractors, having guaranteed payment of the draft, were properly joined with the trustees of the school district as parties defendant.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1434–1443; Dec. Dig. ☞460.]

Appeal from District Court, Knox County; Jo A. P. Dickson, Judge.

Action by the First National Bank of Benjamin against the Crowell Independent School District. From judgment for plaintiff, defendant appeals. Affirmed.

G. W. Watthall and Robert Cole, both of Crowell, and J. H. Milam, of Seymour, for appellant. Jas. A. Stephens and D. J. Brookreson, both of Benjamin, for appellee.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

DUNKLIN, J. The disposition of a former appeal of this case appears in 163 S. W. 339. The trustees of the Crowell independent school district of Foard county, duly incorporated as such, erected a schoolhouse in that district; Rogers and Bisbee being the contractors. When the house was finished, the contractors drew a draft upon the trustees of the school district, in favor of the First National Bank of Benjamin, for the balance which the contractors claimed to be due them for the work, and guaranteed the payment of the draft. The bank instituted this suit in the district court of Knox county, where Rogers and Bisbee resided, in which they prayed judgment for the amount of the draft against the school district as principal debtor, and against Rogers and Bisbee as guarantors, alleging the transfer of the balance due the contractors to them; and from a judgment in favor of the plaintiff, the school district has appealed.

[1] The principal question to be decided, which is raised by several assignments, relates to the action of the court in overruling the plea of privilege presented by the trustees of the school district to be sued in Foard county, rather than in Knox county. On the former appeal this court held that plaintiff's petition failed to state a valid cause of action as against a general demurrer. The suit was instituted January 15, 1913. The original plea of privilege was filed February 18, 1913, and the first judgment was rendered at the court's February term, 1913. After that judgment was reversed, and the cause remanded for another trial, the trustees of the school district filed another plea of privilege on February 17, 1914. By Act 33d Legislature, c. 177, which took effect July 1, 1913, and which is now article 1830, 2 Vernon's Sayles' Tex. Civil Statutes, it is provided that:

"The transfer or assignment of note or chose of action shall not give any subsequent holder the right to institute suit on such note or chose of action in any other county or justice precinct than the county or justice precinct in which such suit could have been prosecuted if no assignment or transfer had been made."

Appellant invokes the benefits of that statute upon the theory that as plaintiff's original petition upon which the first judgment was rendered failed to state a cause of action valid as against a general demurrer, and which petition was not amended until after the act of the Legislature referred to had become effective, the date of filing the amended petition, rather than the date when the original petition was filed, should be regarded as the date of the institution of the suit. In Killebrew v. Stockdale, 51 Tex. 529, and Tarkinton v. Broussard, 51 Tex. 550, it was held that the institution of a suit by a petition which identifies the cause of action, but which for lack of material averments is not good as against a general demurrer, is sufficient to stop the running of the statute of limitation, and this rule is now well established in this state.

For the same reason we are of the opinion that in determining the question now under consideration, the date of filing the original petition should be regarded as the date of the institution of this suit, and as the first plea of privilege was filed before the act of the Legislature referred to took effect, the merits of the plea of privilege should be determined under the former statute, which did not contain the provision above quoted, but which provided that, where there are two or more defendants residing in different counties, a suit might be brought in any county where any one of the defendants resides.

[2] It is insisted, further, that the school district, "being a public corporation of the nature of a municipality, with fixed boundaries and organized for public purposes, the law, as well as public policy, will not permit its officers and agents to be sued in other courts than those of its domicil." We think the statutes of this state settle that question contrary to appellant's contention. By article 2822, 2 Vernon's Sayles' Tex. Civ. Stats., it is expressly provided that trustees of school districts, and their successors in office, "shall be a body politic and corporate in law, shall be known by and under the title and name of district trustees of district No. ——, County of ——, State of Texas, and as such may contract and be contracted with, sue and be sued, plead or be impleaded, in any court of this state of proper jurisdiction, and may receive any gift, grant, donation, or devise made for the use of the public schools of the district." For purposes of litigation that statute puts the trustees of school districts on the same plane with other corporations, with the same rights, and subject to the same burdens.

[3] Several assignments are addressed to the sufficiency of the evidence to support the finding of the jury adverse to the plea of privilege. The principal contention made is that the evidence shows conclusively that the alleged transfer of the debt claimed by the contractors was not an absolute transfer, but that the transaction amounted to no more than a hypothecation of the claim to the bank as collateral security for money which the contractors owed the bank. The president of the bank testified that, at the time the draft was given by the contractors to the bank, a deposit slip was issued to the contractors for the amount of the draft, and that the amount of such deposit was actually paid to the contractors. This evidence, in connection with the draft, and other evidence showing a balance due on the contract in the same amount as the draft, was sufficient to support the action of the jury in rejecting the plea of privilege, notwithstanding the further testimony of the president of the bank that, when the draft was dishonored, the amount of it was charged back

to the contractors, who thereafter were not allowed any credit for the draft. Provident Nat. Bank v. Hartnett, 100 Tex. 214, 97 S. W. 689; Vaughn v. F. & M. Nat. Bank of Alvord, 126 S. W. 690.

[4-7] An assignment is presented to the admission in evidence of the final estimate of the architect who superintended the construction of the building. The bill of exception to the admission of this estimate shows that at the time of its admission the draft was also admitted, and that appellant's objections were addressed to both instruments, and not to the estimate of the architect separately. As the draft was unquestionably admissible, that fact of itself would be a sufficient answer to the assignment now under discussion. However, we are of the opinion that the estimate of the architect was admissible, at all events, since by the terms of the building contract the architect, in effect, was made the arbiter to determine amounts due under the contract as the work proceeded. The deposit slip given to the contractors at the time they delivered the draft to the bank clearly was admissible in evidence to show that a consideration was paid for the draft, and that the transaction was a bona fide transfer of the claim the contractors held against the trustees of the school district. Unquestionably, the contractors were liable upon the draft given to the bank, and therefore there is no merit in the contention that they could not be joined with the trustees of the school district as parties defendant. See authorities above cited.

We deem it proper to note, in conclusion, that appellee has objected to several of the assignments of error upon the ground that the same are not in compliance with the rules, some of which objections, at least, seem to be valid; but, without passing upon those objections, we have considered the questions noted above, upon the theory that possibly they are sufficiently presented by other assignments, which are probably in compliance with the rules.

The judgment is affirmed.