### OFFICER v. F. & M. NAT. BANK OF HOBART. (No. 6547.)

(Court of Civil Appeals of Texas. San Antonio. April 20, 1921.)

1. Carriers ⬚58—Passing of title of shipped hay to bank by transfer of bill of lading and attached draft held not negatived by subsequent sale through shippers.

That a transaction between shippers of hay, dealers therein, and a bank, by their transfer of bill of lading with attached draft to it, and giving of credit by it and drawing thereon by them, did not pass title to it, is not conclusively shown by the fact that after it had claimed the hay, and given bond therefor, against attachment by the shippers' creditor, it sold it through them.

2. Carriers ⬚58—Title to shipment of hay held to pass to bank by delivery of bill of lading with attached draft, and it giving credit and the shippers drawing thereon.

Shippers of hay having indorsed in blank the bill of lading and assigned and delivered it to a bank, together with attached draft, and it having given them credit therefor on its books and in their passbook for the amount of the draft, and allowed them to draw thereon, title to the hay passed to it, so that it is not subject to attachment, nor the proceeds of its sale to garnishment, by their creditors.

Error from Tarrant County Court; W. P. Walker, Judge.

Action by F. A. Officer against A. R. Curtner and another, with attachment. The F. & M. National Bank of Hobart, Okl., had judgment on its claim of the attached property, and plaintiff brings error. Affirmed.

Marvin H. Brown and Charles T. Rowland, both of Fort Worth, for plaintiff in error.

Slay, Simon, Smith & Morris, C. E. McGaw, and Hugh B. Smith, all of Fort Worth, for defendant in error.

COBBS, J. Plaintiff in error sued A. R. Curtner and J. V. Curtner, and caused an attachment to be issued and levied on two carloads of hay, standing on the railroad tracks in Fort Worth, Tex., in the possession of the Frisco Railway Company in Fort Worth, Tex., shipped by A. R. and J. V. Curtner, partners, hay dealers in Hobart, Kiowa county, state of Oklahoma, to Carlton Smith Grain Company at Fort Worth, Tex., with bill of lading and draft attached, assigned to the Farmers' & Merchants' National Bank of Hobart, Okl., defendant in error, who paid the Curtners the money thereon by giving them proper credit in their bank and depositing it in their name.

The defendant in error made claimant's oath and bond and took charge of the property and caused the same to be sold and received the proceeds thereof. Whereupon an issue of the right of property was made before the court, and determined without a jury, the court rendering a judgment for the defendant in error.

The court found definitely and specifically that at the time of the issuance of the writ of attachment, and its levy and seizure, the property was not subject to the attachment and created no lien on said property because it "was the property of the defendant, Farmers' & Merchants' National Bank of Hobart, Okl., and that the said defendant, Farmers' & Merchants' National Bank of Hobart, Okl., is entitled to recover the same and retain possession thereof." We have read the statement of facts, and it fully sustains the court's finding.

---

⬚For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

After the Curtners indorsed the bills of lading in blank on the back "Curtner & Co.," it was assigned to defendant in error, together with the drafts drawn in their favor, and thereafter they laid no claim whatever to the hay. They were given credit for the amount of the drafts by the Bank. When the deliveries of the drafts and bills of lading to defendant in error were made, they owed overdrafts. When Curtner & Co. brought the bills of lading indorsed in blank with the drafts made out to the bank, it was deposited to their account, and credit given for the amount of each draft, in their passbook, without any other agreement in respect to the same than is usual and customary with banks and depositors in making same in ordinary cases. If the sale had not gone through, the bank would not have credited the Curtners' account' with the amount of these drafts, because the bank would not have had anything to charge it to. ' The testimony showed the account between the bank and the Curtners at various and sundry times, during their business dealings, overdrawn.

[1] One of the reasons given why plaintiff in error contends that the judgment should be rendered in his favor is because they contend the relation of principal and agency existed between the bank and Curtners, and not that of debtor and creditor. And, further, among other things to prove agency, it is contended after the levy of the attachment the Curtners sold the hay; thereby it shows they were exercising ownership. The question of agency is one of fact and the court has found against this contention. As the Curtners were accustomed to handling and selling hay, and interested in its bringing a good price, we do not see why, after the levy and replevy, the bank might not be justified in doing this very thing, in the absence of any allegation and proof of fraud.

[2] Both parties cite numerous authorities to sustain their contentions. But we believe the law to be that when, as in this case, the assignment and delivery of a bill of lading for the hay, together with draft drawn in their favor on the bank, accepted by the bank, and entered to their credit, as well as in their passbook, and allowing them to draw on the deposit draft, passed the title to the bank of the hay, and of course would not be subject to attachment, nor would the proceeds be subject to garnishment. West Tex. Bank v. Wichita Mill & Elevator Co., 194 S. W. 835; W. F. Wilson Grain Co. v. Central Nat. Bank, 139 S. W. 996; Bank v. Davis, 178 S. W. 671; Vaughan v. F. & M. Nat. Bank of Alvord, 59 Tex. Civ. App. 380, 126 S. W. 690; Burton v. U. S., 196 U. S. 283, 25 Sup. Ct. 243, 49 L. Ed. 482; Citizens' State Bank v. Ferson, 208 S. W. 137; Com. Nat. Bank v. Heid Bros., 226 S. W. 809.

Every issue of fact urged by plaintiff in error to induce us to render the judgment in his favor has been found by the trial court against him. We do not think there is any reversible error assigned. The assignments are overruled, and the judgment of the trial court is affirmed.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes